*May*, for the respondent.

―――――――

## BRIDGHAM *versus* PRINCE, *administrator*.

At the common law, an action for real estate was abated by the death of the tenant.

By our Statute it may be continued in existence by notice given to the legal representatives of the tenant, and to all others interested as heirs, &c.

Upon the death of the tenant in a real action, no further proceedings can be had in the suit until the appearance of the heirs or notice to them.

An award by referees in favor of the demandant, in a real action, upon a submission by rule of court, entered into by the administrator after the death of the tenant, and before the heirs appeared or were notified, cannot be accepted. It is merely void.

On exceptions from the District Court, Cole, J.

Writ of entry. — After the death of the tenant, his administrator appeared voluntarily to the suit, and agreed that the action should be submitted to referees, which was accordingly done by a rule of court. The heirs had neither appeared nor been notified to appear. The award of the referees was, that the demandant recover possession of the land, with costs of reference and of Court.

The award was accepted, though objected to, and, on demandant's motion, he was allowed to recover costs against the administrator, from the commencement of the action.

Exceptions were taken by "the defendant." The case was submitted without argument for the demandant.

*S. C. Andrews,* for the defendant.

Wells, J. — The defendant, as administrator of Jonathan Buck, voluntarily appeared and took upon himself the defence of the suit. It was submitted to referees, by a rule of court, and they have decided that Buck did disseize the plaintiff, as he has alleged in his writ, and that the plaintiff recover possession of the demanded premises and costs. Upon the death of Buck, the Court had no authority to proceed any further in relation to the writ of entry, which he had commenced, without notice to his legal representatives, and all others interested in his estate, as heirs. Ch. 145, § 19, R. S. A judgment against the administrator would not affect the heirs, who alone appear to be interested in the land demanded. A decision without notice to them could have no legal effect upon the title to the property in controversy. The action was abated according to the common law by the death of Buck, but by the statute its existence might be continued, provided proper notice should be given to those who are interested. As no further action could take place in relation to the suit without their appearance or notice to them, the reference must be considered void. The administrator did not make himself a tenant of the freehold in his own right, nor was there any award against him as such by the referees. The course adopted was not in conformity

to law.   This Court has power, by the Act of April 7, 1845, c. 168, to reject the report of the referees, and it must be rejected and the exceptions sustained.