ABIEL TRASK *vs.* WILLIAM TRASK, administrator.

Lincoln.   Opinion January 19, 1886.

*Real action. Death of defendant. Citation of interested persons. R. S., c. 104,*
*§ 16. Costs.*

When the defendant in a real action to recover land dies, a citation to all persons interested in the estate of the deceased tenant, without naming any one, is not sufficient to authorize the court to enter judgment for the land.

A judgment for costs in such action against the estate in the hands of the administrator, can only be entered when the demandant has judgment for the land, and is incident thereto.

ON EXCEPTIONS.

The case and material facts are sufficiently stated in the opinion.

*A. P. Gould,* for the plaintiff.

The notice, ordered by the court to all persons interested in the estate of the deceased defendant, was served according to the order and proof of service was entered on the docket.

The demandant was entitled to recover judgment against the heirs upon such notice "whether they appeared and defended or not; and such judgment is conclusive on them." R. S., c. 104, § 18; *Bridgham* v. *Prince,* 33 Maine, 174.

*Hilton and Huston,* for the defendant.

HASKELL, J. Writ of entry to recover land and damages for waste. The action was referred, and thereafterwards the tenant died. His administrator was cited to defend, and he appeared. All persons interested in the estate of the tenant were also, by public notice agreeable to an order entered in vacation, cited to appear and defend, but none appeared. The referee heard the parties and reported, that the demandant should have judgment for the land and damages and costs. The court accepted the report, and the defendant has exception.

No person beside the administrator has appeared to defend the suit, and he is not charged with being a disseizor, nor does he pretend to be tenant of the freehold. Judgment against him could not affect the heirs. *Bridgham* v. *Prince,* 33 Maine, 174. There are no defendants in court against whom judgment can be given for the land. Had the demandant cited by name such persons as he conceived to be heirs of the deceased tenant; they would be concluded by default, if they did not choose to appear and defend, and judgment might be given against them for the land; but this has not been done. At common law, an action of this sort would abate upon the death of the tenant,

but by R. S., c. 104, sec. 16, it may be further prosecuted upon notice to "all interested in the estate." That is, notice to the individuals interested, served as the court may order. Upon their appearance, they may set up title in themselves, acquired either from the deceased tenant, or from any other source. *Brunswick Savings Institution* v. *Crossman*, 76 Maine, 577.

How then can judgment be awarded upon the report of the referee? The judgment must follow the terms of the report, and that awards the land as well as damages, and damages are only recoverable against the estate in the hands of the administrator, and then as incident to judgment for the land, for if the demandant had no title, he could neither recover the land, nor damages. The demandant must cite the heirs before he can further prosecute his suit.

*Exceptions sustained. Report rejected.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.