FLORENCE E. THOMSON *vs.* SEBASTICOOK AND MOOSEHEAD R. R. Co.

Somerset.    Opinion December 10, 1888.

*Railroad.    Land Damage.    Evidence.*

It is not a ground of exception that admissible testimony was excluded at one stage of a trial, if the witness from whom the testimony was to be elicited, at another stage of the trial afterwards testifies fully in relation to the matter inquired about.

On the trial of a complaint against a railroad corporation for damages caused to complainant's land, by the location of a railroad over it, it is correct to instruct the jury to take into consideration, in order to ascertain the value

of the land at the time of taking, any permanent injury occasioned by the rightful location of another railroad previously laid across the same land. Any permanent and rightful obstructions on the land might impair its value, while any wrongful or temporary occupation might not.

## ON EXCEPTIONS.

An appeal from the award of the county commissioners of Somerset county for damages sustained by the complainant in the taking her land by the defendant for their railroad. At the trial, in this court, the complainant claimed that her land so taken, was valuable for house lots. The defendant replied that the land was unfit for house lots, by reason of the water standing thereon during a portion of the year. The complainant offered to prove that the standing water was caused by obstructions in a drain passing under defendant's railroad, and by the location of another railroad.

The court ruled that the complainant could not be allowed to show a permanent obstruction to the flow of the water there. Subsequently, during the trial, evidence explanatory of this was admitted without objection.

The court, in its charge upon this branch of the case, instructed the jury, in substance, as follows, * * * "It is said that the land itself is not wet or flowed naturally to any considerable depth, but what flowing is caused there, or mainly caused, is by virtue of some obstructions which were put in in past time. All permanent obstructions I excluded for this simple reason : If this railroad was bound to pay for this land as good land, when it was made bad, unvaluable for the parties, by some other person, for instance the Maine Central Railroad not putting their culvert right, then they could get pay for their land twice, because they would have a perfect remedy against the person who made the obstruction, and if they could have another remedy it would give them double pay. But whether their remedy is good or not, this corporation is not bound directly or indirectly to pay for any wrong done by any other person, or any other corporation ; but what would be a mere temporary obstruction, carried there accidentally or otherwise, would be proper to prove to a jury as to the real nature of the land, &c. * * *" Verdict for the com-

plainant who excepted to the exclusion of evidence and the instructions to the jury. Verdict was for $532.45.

*Brown and Johnson, S. S. Hackett* with them, for complainant.

The rule of damages is "just compensation." Constitution of Maine, Art. 1, § 21; R. S., c. 51, § 19. Damages too small.

That water is sometimes on the land does not affect its natural condition, or value. Obstructions easily removed and at slight expense.

Complainant should have been allowed to show how the wet condition of land was caused, and how it could be obviated; its susceptibility to use for any lawful purpose, and possibility of changing its present condition for the better. *Drury* v. *R. R. Co.,* 127 Mass. 571; *Meacham* v. *R. R. Co.,* 4 Cush. 291; *Dwight* v. *Co. Com.,* 11 Cush. 201.

*J. O. Bradbury, Merrill and Coffin* with him, for defendant.

PETERS, C. J. If the rulings and instructions are correctly interpreted by the plaintiff's counsel, they were wrong. The question of the case is not very clearly presented. But with the burden on the plaintiff to show that he has been aggrieved we are inclined to believe that his position is not sustained. The matters in controversy were more fully explained by the judge in the reported charge than the exceptions present to us.

An issue of fact in the case was, whether the land taken by the defendant road was naturally wet land or not, the evidence showing that water stood upon it for quite a period during the year. The defendants contended that the wet condition of the land was its natural condition, or that, what would be of the same effect, as between the parties to this litigation, was caused by certain legitimate obstructions, of a permanent character, put on the plaintiff's land by another railroad, the Maine Central Railroad, which prevent the free flowing of the surface water from her land. To counteract this position, the plaintiff contended that the obstruction to a free passage of the water from her land was caused not by the Maine Central Railroad bed, but by a person filling up a brook with rocks, while clearing a parcel of

land, at a point below that railroad, so that the brook would at times flow the water back through a culvert under the railroad upon her land.

An objection was made to the evidence showing this contention, and the objection was sustained. It should not have been. The rocks in the brook were not a permanent obstruction, and the owner above could have gone below and rightfully removed them from this natural water-passage, in order to prevent the incubus of water upon her land. But this error in the ruling was afterwards obviated by the witness going on at a later point in his examination and explaining the matter fully without encountering objection.

The judge in his charge properly made a distinction between permanent and temporary obstructions, taking the position, substantially, that any permanent injury to the land caused by the rightful use of it by the Maine Central road, should be considered as an impairment of its value, which would lessen the damages otherwise to be paid by the defendants. Some of the confusion in the case was evidently owing to the counsel for the defendant objecting to the admission of evidence touching permanent obstructions, when he would have much better allowed its introduction as the very argument that the value of the land taken must thereby be less.

Though it may be doubtful whether the jury fully understood the points at issue between counsel in the case, there is a failure to show that the presiding judge committed any error, or that the exceptions should be sustained.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.