## EDWIN C. BURLEIGH

### *vs.*

## ABIGAIL A. PRENTISS, and others, Trustees.

### Penobscot.    Opinion March 30, 1901.

*Practice.   Real Action.   Death.   Abatement.   R. S., c. 104, § 16.*

The motion of a plaintiff in a real action, under R. S., c. 104, § 16, for the court
to order notice upon the children of one of several defendants who had died
after the entry of the action in court, can not be granted, if it appears from
the plaintiff's allegations and formal admissions upon the hearing of the
motion, that the defendants were sued as trustees and that the deceased
defendant had no interest whatever in the demanded premises, except for her
life. Under such circumstances there is no one interested in her estate, no
one claiming under her any interest in the demanded premises, who should be
summoned in to enable the court to try and determine the action.

On report.   Motion by plaintiff overruled.

Real action against defendants as trustees under the will of
Henry E. Prentiss.

Abigail A. Prentiss one of the defendants having died since the
action was entered in court, leaving her four children, viz: Henry
M. Prentiss, Samuel R. Prentiss, the remaining defendants in said
action and Abbie P. Godfrey of Bangor, Maine, and Mary F. Kay
of Brookline, Mass., the only parties interested in her estate and in
the premises described in the writ, plaintiff moved the court to
order such notice to said parties as may be necessary as required
by statute, in such case made and provided, in order to enable the
court and the plaintiff to proceed to try and determine said action.

· The motion being objected to, it was agreed to submit to the
full court the following questions:

1.   " Whether the motion is legally sustainable and whether or
not the parties, named as the parties interested, may be summoned,
in order to enable the court and plaintiff to proceed to try and
determine said action.

2.   " If the motion is not sustainable, can the action be main-

tained and prosecuted against the two surviving trustees so as to determine the question of title existing between the parties, including the four children of said Henry E. Prentiss and wife?

3. "If the motion is legally sustainable, and the parties interested are accordingly summoned, can or not the case be prosecuted to final judgment against the parties thus interested so as to bind them in their individual capacity?

4. "The question of costs under the different contingencies of the case is respectfully submitted."

*J. Williamson, Jr., and L. A. Burleigh*, for plaintiff.

*C. F. Woodard and M. S. Clifford*, for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

WISWELL, C. J. This is a real action in which the defendants are named and described in the writ as follows: "Mrs. Abigail A. Prentiss, Henry M. Prentiss and Samuel R. Prentiss, trustees under the will of the late Henry E. Prentiss, late of Bangor, deceased." After the entry of the action in court, Abigail E. Prentiss, one of the defendants, died, whereupon her death was suggested to the court and noted upon the docket.

At the January term of the court where the action was pending, the plaintiff by his attorney filed this motion: "In the above entitled action Mrs. Abigail A. Prentiss one of the defendants, having died since the action was entered in court, leaving her four children, viz: Henry M. Prentiss, Samuel R. Prentiss, the remaining defendants in said action, and Abbie P. Godfrey of Bangor, Maine, and Mary F. Kay of Brookline, Massachusetts, the only parties interested in her estate and in the premises described in the writ, plaintiff moves the court to order such notice to said parties as may be necessary as required by statute, in such case made and provided, in order to enable the court and the plaintiff to proceed to try and determine said action."

Objection being made to the granting of this motion, the parties have by an agreed statement of facts submitted to the law court

the question as to whether or not it should be granted, and also these two questions: "If the motion is not sustainable, can the action be maintained and prosecuted against the two surviving trustees so as to determine the question of title existing between the parties, including the four children of said Henry E. Prentiss and wife?" "If the motion is legally sustainable and the parties interested are accordingly summoned, can or not the case be prosecuted to final judgment against the parties thus interested so as to bind them in their individual capacity?"

Henry E. Prentiss, under whose will the defendants claimed title to the demanded premises, as trustees, and under which the persons sought to be summoned in are devisees of a remainder, died testate in 1873. By his will he devised the bulk of his property, including the demanded premises, if he owned them, to the defendants named in the writ, to hold in trust for various purposes, the trust to terminate upon the death of Mrs. Prentiss, his widow, if she should live beyond the first day of January 1890. At the termination of the trust created by the will, the testator devised to his four children, the persons now sought to be summoned in, "all of said property so held in trust after all of said trusts have been provided for."

The plaintiff contends that the motion should be granted in accordance with the provisions of R. S., c. 104, § 16, as follows: "No real action shall be abated by the death or intermarriage of either party after its entry in court; but the court shall proceed to try and determine such action, after such notice as the court orders has been served upon all interested in his estate, personally, or by publication in some newspaper."

We do not think that the section is applicable to the state of facts here existing. At common law, upon the death of either party the action abated; to avoid this result the legislature enacted the statute which is now in the form above quoted, but the object of this legislation was to prevent the abatement of a real action by summoning in, in the event of the death of one of the parties, "all interested in his estate." Here, the persons sought to be summoned in are not interested in the estate of Mrs. Prentiss, so far as

the demanded premises are concerned, because it is admitted in the agreed statement, "that said Abigail A. Prentiss had at her death no interest or title in the premises other than as provided by the will, if any such was so provided." The will, which is printed as a part of the case, gave her no interest whatever in the demanded premises, except for her life. There is consequently no one interested in her estate, no one claiming any interest in the demanded premises under her, who should be summoned in to enable the court to proceed " to try and determine such action."

Again, this action, as brought, was against three persons as trustees. Now the plaintiff seeks to summon in two of the present defendants, in their individual capacities and two new defendants. The effect of this would be an entire substitution of defendants. Having commenced the action against three defendants as trustees under a will, if this motion were allowed, it would become an action against two of the original defendants, but in entirely different capacities, and against two entirely new defendants. Is not the real object of the motion to obtain new defendants, not because of the death of Mrs. Prentiss, but because the termination of the trust makes it desirable to have other defendants, against whom a judgment would be final? This can be accomplished, but it must be done by the commencement of a new action. It cannot be accomplished by a substitution of defendants in the old action even in the case of a suit founded on contract which, by statute, may be amended by inserting additional defendants. *Duly* v. *Hogan*, 60 Maine, 351; *Wm. H. Glover Co.* v. *Rollins*, 87 Maine, 434.

The plaintiff's counsel relies strongly upon the case of *Brunswick Savings Institution* v. *Crossman*, 76 Maine, 577, as decisive of this question in favor of granting the motion. We do not think that the case is applicable. That case decided, as clearly stated in the headnote, that "where, pending a real action the tenant dies and his heirs are summoned in under R. S., c. 104, § 16, the heirs are not restricted in their defense to the title of their ancestor, but may set up any title they have from any other source." The reasoning of the opinion is conclusive upon this proposition; any other doctrine would promote infinite confusion, the correctness of that decision cannot be questioned.

But it is said in argument that inferentially, at least, that case holds that such a motion as this should be granted. We do not think so. In that case the action was originally brought against Mary W. Crossman, the widow, and against three of the children of David Crossman. The demandant claimed under a deed from Mrs. Crossman and it was contended that she obtained title in various ways, under the will of her husband, and also by disseizin. Upon her death it was necessary to make her heirs parties to the action in order to obtain a judgment that would be binding against those claiming under her. But in this case, as we have already seen, it appears that Mrs. Prentiss had no interest whatever in the demanded premises that, upon her death, descended to her heirs, and claimed none. She was made a party only as one of the trustees under the will of her husband. We think that the two cases are very clearly distinguishable.

The court is, therefore, of the opinion that the motion of the plaintiff, upon his allegations and admissions, is not legally sustainable, because the case as made up shows that the persons sought to be summoned in are not interested in the estate of the deceased defendant, so far as the demanded premises are concerned.

We do not think it would be proper at this time to go further and answer the other questions submitted. These questions have not yet arisen, they relate to further proceedings in the case, and it is not impossible that they may subsequently arise and require an authoritative decision. It will then be quite soon enough to consider and decide them.

*Motion denied.*

Dissenting opinion by EMERY, J.

EMERY, J. I do not concur. I think the court has ample statutory power to summon in the heirs of a deceased defendant in a real action. R. S., ch. 104, § 16. *Brunswick Savings Institution* v. *Crossman*, 76 Maine, 577; *Trask* v. *Trask*, 78 Maine, 103. The heirs are presumably interested in the real estate of which their ancestor died seized. I do not think the court should assume to say they have no interest, until it has given them an opportunity to be heard, whatever the statements of other parties.