WILLIAM L. O'DONNELL *vs.* PORTLAND RAILROAD COMPANY.

Cumberland.    Opinion December 3, 1909.

*Exceptions.   Review.   Harmless Error.   Exclusion of Evidence.*
*Exceptions not Argued.*

Exceptions will not be sustained, unless they show that the exceptant was aggrieved by the ruling complained of.

In a personal injury case, defendant's exception to the exclusion of evidence that plaintiff was frequently intoxicated after the accident, offered on the question of damages, cannot be sustained against a verdict for plaintiff on sufficient evidence, where it fails to point out the acts done or omitted by plaintiff tending to increase the injuries or retard their recovery

Exclusion of evidence that one "staggered" is not reversible error, where evidence as to how he walked was admitted.

An exception to an instruction will not be reviewed when not argued.

On motion and exceptions by defendant.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant in so operating one of its street cars that it collided with the plaintiff's team whereby the plaintiff was injured.    Plea, the general issue.    Verdict for plaintiff for $1540.67.    The defendant filed a general motion for a new trial and also excepted to several rulings during the trial.

The case is stated in the opinion.

*Connellan & Connellan,* for plaintiff.

*Libby, Robinson & Ives,* for defendant.

SITTING : WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

SPEAR, J.    This case comes up on motion and exceptions.    It is an action upon the case against the Portland Railroad Company for the recovery of damages for injuries received by the plaintiff through the alleged negligence of the defendant in operating one of its cars so that it collided with the plaintiff's team.    The plaintiff on the night of February 1st, 1908, was driving a milk wagon along Ocean Avenue, a public highway in South Portland, in a northerly direction on the right hand side of the street, and while so driving his wagon was struck by a car of the defendant which was proceeding also in a northerly direction and on the same side of the street.    For a considerable distance on the easterly side of the street, both northerly and southerly of the point where the collision occurred, large trees were growing just outside the curbing of the sidewalk so that there was not sufficient room between these trees and the easterly car track to enable a car to pass a wagon driven on the side next the trees.    The plaintiff when struck was driving close to these trees with the left hand wheels partly in the easterly car track over which the car was approaching him from behind.    The plaintiff was first aware that the car was approaching him when they were about forty or fifty yards distant.    At this time he was driving past the trees and was unable to turn out sufficiently to let the car pass him.    He was aware that from 75 to

100 yards ahead was a cross street at the junction of which he could turn out for the car to pass.   When he discovered the car he urged on his horse for the purpose of reaching the street ahead.   He had proceeded about fifteen yards after he first discovered the car, when it struck the rear end of his wagon.   It is very clear from the evidence that the motorman or conductor operating the car did see or ought to have seen the plaintiff in sufficient time to have checked its car and have avoided the collision.   The defendant concedes this and admits negligence.   It knew it was impossible for him to turn to the right, and while it claims it was his duty to turn to the left and drive across the track, the court is of the opinion that he would have been chargeable with negligence had he attempted to do so.

The defendant's exceptions are to the exclusion of evidence offered to show that, at different times during the following summer, the plaintiff was intoxicated.

The ground upon which the evidence was presented is stated in the exceptions as follows:   "The evidence was offered as bearing upon the question of damages, first, for the purpose of showing that the plaintiff had neglected to pursue the course of conduct with reference to the care of his foot prescribed by his physician and that he had, by such use of intoxicating liquors and especially by the effect of using his ankle while intoxicated, aggravated or prejudiced his condition and prolonged his own recovery ; second, to show in view of Dr. Abbott's testimony as outlined above that the plaintiff's condition as to his injured ankle was not in July or August what the plaintiff and Dr. Abbott in their testimony both represented it to have been at the time."   This evidence was excluded by the court subject to defendant's exceptions, the court saying "that the defendant might put in evidence of the way the plaintiff undertook to walk or did walk without a cane or with a cane, and the distance he walked."   It is a well settled rule that exceptions will not be sustained unless they show that the excepting party was aggrieved by the ruling of the court.   The defendant in its exceptions does not undertake to point out any particular respect in which the plaintiff if intoxicated had aggravated the injury to his ankle.   As far as the exceptions show the state of intoxication might or might

not have prejudiced the plaintiff's recovery. But exceptions, to be sustained against a verdict based upon sufficient evidence, should clearly point out the acts done or omitted tending to produce an increase of the injuries or to retard their recovery. This was not done.

The exceptions also show that defendant's counsel then asked the court if evidence of staggering could be introduced and the court ruled in the negative. The court then admitted evidence of "the way the plaintiff undertook to walk or did walk." We think the admission of the evidence as to the way the "plaintiff undertook to walk or did walk" sufficiently covers the question as to whether the plaintiff staggered. "The way the plaintiff walked," may not have been described by the word "staggering" but the way of walking, as described, may have fully met the requirements of the definition.

This conclusion also answers the argument that the testimony was relevant upon another issue. as tending to show that the plaintiff may have been shamming as to the condition of his ankle. The exception to the instruction given by the court with respect to the duty of the driver of a street-car has not been argued and will therefore not be discussed in this opinion.

*Motion overruled.*
*Exceptions overruled.*