J. Frederic Burns *vs.* Baldwin-Doherty Company.

Aroostook.      Opinion, January 19, 1934.

*R. W. Shaw,*
*A. S. Crawford, Jr.,* for plaintiff.
*T. V. Doherty,*
*Cook, Hutchinson, Pierce and Connell,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J. This action was for an alleged breach of warranty, as to quality, in negotiations leading to the sale of certain chemicals which, after being mixed by the vendor (now defendant), were delivered by direction of the vendee (present plaintiff) to his sub-vendee, to fertilize a potato crop.

In the declaration in the writ there are allegations of: (1) express warranty; (2) purchase in reliance thereon; (3) material defects; (4) liability. An additional averment is that, on the sub-purchaser suing his vendor, (this plaintiff), claiming the fertilizer was not as represented on resale, the original vendor, though it came in by request to defend such suit, subsequently withdrew, and left the defendant therein to make, without assistance, a defense that proved unavailing. There is assertion that, as between plaintiff and defendant, the matter is res judicata. Issue was joined. The sufficiency of the form of pleading the estoppel is conceded. The jury verdict was for the defendant. Plaintiff perfected exception to the exclusion of evidence, and filed a motion for a new trial. The motion raises the question whether the verdict of the jury is clearly wrong,—i.e., if the verdict is manifestly against the weight of the evidence.

The origin of the litigation was in Houlton, that town being the domicile of both plaintiff and defendant, and also of one Joseph T.

Michaud, who, as plaintiff, prevailed in the action in which this plaintiff was the unsuccessful litigant.

On a day near the last of May, 1930, plaintiff agreed with Mr. Michaud to supply commercial fertilizer for his farm, payment therefor to be in potatoes, at digging time. On buying the fertilizer, or the active chemical constituents thereof, from the defendant, the plaintiff directed that delivery be made to Mr. Michaud, which was done.

Mr. Michaud's crop failed. He sued his vendor, on the theory that inferior fertilizer was the efficient cause for the loss of, or damage to, the crop which it was maintained would have resulted, had the fertilizer been, in regard to quality and fitness, as was represented on selling it to him. *Philbrick* v. *Kendall*, 111 Me., 198, 88 A., 540. At the trial, Mr. Michaud had a verdict of $2,120.32, on which judgment was entered, damages and taxable costs together amounting to $2,200.00. The judgment was fully satisfied.

When, in the instant action, counsel for plaintiff had read aloud, in the presence and hearing of the jury, the declaration in the writ, and finished opening the case, he offered in evidence an exemplification of the record in *Michaud* v. *Burns*, which, objection being interposed, was excluded. The exception makes the point that this was prejudicial error.

It is a principle of the common law that when a fact is once finally adjudicated, without fraud or collusion, by a tribunal of competent jurisdiction, the judgment binds the parties and their privies. *Lander* v. *Arno*, 65 Me., 26; *Van Buren Light & Power Company* v. *Inhabitants of Van Buren*, 118 Me., 458, 109 A., 3; *Old Dominion Copper Min. etc., Co.* v. *Bigelow*, 203 Mass., 159, 214, 89 N. E., 193.

Parties, in the larger legal sense, are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies. Greenleaf Evid., Sec. 523, 535; *Duchess of Kingston's Case*, 3 Smith's Lead. Cas., 1998 (9th Am. ed.); *Litchfield* v. *Goodnow*, 123 U. S., 549, 31 Law ed., 199. The same thing may also be said of those who assume to have the right to do these things. *Winchester* v. *Heiskell*, 119 U. S., 450, 30 Law ed., 462.

Privity is a "mutual or successive relationship to the same rights of property." Bouv. Law Dict.; Greenleaf Evid., Sec. 189.

Prima facie defendant was not bound by the judgment recovered against Mr. Burns. There must have been some showing of defendant's. indemnifying connection with the earlier controversy before the judgment could be admissible in evidence. *Davis* v. *Smith,* 79 Me., 351, 10 A., 55. The exception is without merit, for two reasons. The first is that the matter did not appear upon the record, so that it might be determined by the court, and there was then no evidence upon which, with the rational inferences susceptible of being drawn therefrom, estoppel by judgment could have been found. *Lander* v. *Arno,* supra. Secondly, the very copy of the record which had been excluded, was later admitted into the evidence. *Thomson* v. *Sebasticook & Moosehead R. R. Co.,* 81 Me., 40, 16 A., 332. Cf. *Williams* v. *Williams,* 109 Me., 537, 85 A., 43; *O'Donnell* v. *Portland R. R. Co.,* 106 Me., 201, 76 A., 408.

The initial contract of sale—that by defendant to plaintiff—was an oral one. On conflicting evidence, the existence of a warranty of the quality of that which was sold, was for the jury. The jury, as has already been pointed out, found for the defendant.

It may suffice here to say the jury might validly find, as respects the sale, either of the ingredients of the artificially prepared fertilizer, or the commercial mixture itself: (a) that there was no warranty of quality,—that is, that defendant delivered with respect to quality, precisely what, previously to the sale, it definitely explained; or (b) if there was a warranty, that plaintiff, upon whom the law cast the burden of proof, had not sustained his position as to a breach thereof.

The plaintiff invokes the doctrine of voucher.

The transcript of the evidence discloses that, being himself sued for false warranty, he called his vendor to come and defend the suit, reciting that it had warranted to him. The vendor caused its attorney to enter his appearance on the court docket in defense. The entry was afterwards withdrawn, but not without tendering the defendant in that action (himself a lawyer) any assistance which might be afforded in preparing the case, or at the trial. Thereafter, there was neither conference with, nor request for assistance from, the original vendor or its counsel.

A vendor in possession impliedly warrants the title to personal property sold, and is bound to make good to the purchaser all his losses resulting from the want of a good title. If the purchaser, or any subsequent vendee, is sued in replevin or trover, or in any other action wherein title is the sole issue, and gives notice to his vendor of the pendency of the action and its nature, the judgment is conclusive evidence against such vendor. Nor would it make any difference that there were intermediate purchasers. The defect in title will come home to the first one who sold without a proper title. *Thurston* v. *Spratt*, 52 Me., 202, 205. "The maxim that there must be an end to litigation was dictated by wisdom, and is sanctified by age." *Warwick* v. *Underwood* (Tenn.), 75 Am. Dec., 767.

A warranty of the quality of a chattel does not, however, run with the chattel on its resale, and hence is not available to a subvendee. Warranties of quality of goods and chattels are personal to the warrantee. *Booth* v. *Scheer* (Kan.), 185 Pac., 898, 8 A. L. R., 663, and note; *Welshausen* v. *Charles Parker Co.*, 83 Conn., 231, 76 A., 271.

The plaintiff, in invoking estoppel, must establish that all the essential characteristics of parties were really present in the defendant as a party to the former suit. Estoppels, to be good, must be mutual and reciprocal. *Litchfield* v. *Goodnow*, supra. To this, there are apparent exceptions, not now of importance. *Bigelow* v. *Old Dominion Copper Min. Co.*, 225 U. S., 111, 56 Law ed., 1009. In regard to the case in hand, breaches of contractual duty must be identical. *Penobscot Lumbering Association* v. *Bussell*, 92 Me., 256, 42 A., 408.

The questions actually litigated and determined in the Michaud Case were that Mr. Burns (there defendant and here plaintiff) warranted the quality of the fertilizer to his vendee, and that the diminution in value of Mr. Michaud's potato crop resulted in consequence of breach of the warranty.

True, the strict rule that a judgment operates as res judicata only with reference to parties and privies, expands on occasion beyond the nominal parties,—but a single act, such as the employment of an attorney, will not determine status. *Schroeder* v. *Lahrman* (Minn.), 1 N. W., 801. The mere fact that one not a party to a pending suit employs counsel to assist in the defense thereof does

not make him a party or privy to such proceedings, nor bar him from contesting the issues decided. *Central Baptist Church and Society* v. *Manchester*, 17 R. I., 492, 33 A. S. R., 893 ; *Old Dominion Copper Min. etc., Co.* v. *Bigelow*, supra.

The withdrawal of counsel from the defense of the Michaud Case, it seems fitting to remark, does not appear to have worked injury to this plaintiff. The testimony in the earlier case need not be narrated. It was sufficient to warrant the conclusion of the jury.

In the instant case, the entry will be:

> *Exception overruled.*
> *Motion overruled.*