LEROY P. BUTTS
*vs.*
HENRY FITZGERALD

Penobscot.   Opinion, February 28, 1956

*Oscar Walker,* for plaintiff.

*Frank G. Fellows,* for defendant.

SITTING:   WILLIAMSON,   WEBBER,   BELIVEAU,   TAPLEY, CLARKE, JJ.   FELLOWS, C. J., did not sit.

TAPLEY, J.   On exceptions and motion for new trial. This is a real action involving real estate located in the Town of Greenbush, County of Penobscot and State of Maine.   The writ bears date of September 27, 1952 and was entered at the November Term, 1952 of the Superior Court for the County of Penobscot.   The defendant pleaded the general issue of *nul disseisin* without brief statement. The docket entries disclose the fact that at the April Term, 1954 death of plaintiff was suggested and at the September

Term, 1954 there appears entry to the effect that "Mignon H. Butts, Admrx. comes in to prosecute." The case was tried before a drawn jury at the September Term, 1954. The verdict favored the plaintiff by establishing a boundary line and in addition thereto by assessing damages for the plaintiff in the sum of $100. The defendant filed a motion for a new trial and bill of exceptions. Defendant's counsel in his brief propounds the following contentions:

"(1) The Plaintiff has failed to establish title, or any title, to the premises, either at the time of bringing suit or subsequent thereto, and

(2) The Plaintiff has failed to allege and present prima facie proof, or any proof, of damages, and

(3) The establishing of line B-C as the boundary between the Defendant and the alleged Plaintiff or others is against all of the evidence, and

(4) The Court below erred in admitting statements of the original Plaintiff made prior to the date of the Writ and concerning boundaries and title."

The defendant strenuously argues that the plaintiff has failed to establish any title or interest in the premises involved at a time either before or subsequent to the institution of the suit. He says that Mrs. Butts, as administratrix of the estate of her husband, Leroy P. Butts, original plaintiff "has presented no evidence that she, in that capacity, has any title or interest in and to the premises in question." In substance and effect, defendant contends that this type of action is not one in which the administratrix may be substituted for its original plaintiff because she, in her capacity as administratrix, has no interest in the real estate concerned in the suit. This question creates the necessity of determining if the administratrix may take the place of the deceased plaintiff in this action and proceed in his stead with its prosecution.

The original plaintiff, according to his declaration, proceeded in his suit by authority of provisions of Chap. 172 of R. S., 1954. The sections of this chapter pertinent to the issue provide that the demandant shall declare on his own seizin and allege a disseizin by the tenant (Sec. 2). He shall set forth the estate which he claims in the premises (Sec. 3). Although the demandant need not prove actual entry under his title, he should prove that he is entitled to an estate in the premises and that he has a right of entry therein (Sec. 4). No action shall be maintained unless at the time of its commencement the demandant had right of entry (Sec. 5).

### Sec. 16 of Chap. 172, R. S., 1954, provides:

"No real action shall be abated by the death or intermarriage of either party after its entry in court; but the court shall proceed to try and determine such action, after such notice as the court orders has been served upon all interested in his estate, personally, or by publication in some newspaper."

It is apparent that the purpose of this statute is to save a real action from abatement by death or intermarriage of either party after its entry in court. It is also equally clear that further procedure in the case cannot take place until "after such notice as the court orders has been served upon *all interested in his estate,* personally, or by publication in some newspaper." (Emphasis ours.) In the case of *Bridgham* v. *Prince, Admr.,* 33 Me. 174, being a real action, we find that upon the death of the defendant, his administrator appeared voluntarily and agreed that the action should be submitted to referees. The court on page 175 said:

"Upon the death of Buck, the Court had no authority to proceed any further in relation to the writ of entry, which he had commenced, without notice to his legal representatives, and all others interested in his estate, as heirs. Ch. 145, Sec. 19, R. S. A judgment against the administrator would not

"affect the heirs, who alone appear to be interested in the land demanded. A decision without notice to them could have no legal effect upon the title to the property in controversy."

When only the administrator of a deceased defendant appears in a real action, there is no defendant in court against whom a judgment can be given for the land. A judgment against an administrator in this type of case cannot affect the heirs. *Trask* v. *Trask, Admr.*, 78 Me. 103; *Burleigh* v. *Prentiss, et al.*, 95 Me. 192; *Brown, et al.* v. *Strickland*, 32 Me. 174, at page 175:

"A demandant in a real action must prove his title. - - - - - In administrators de bonis non, the title to the testator's real estate does not vest. They can maintain no real actions. We think no title vested in Mr. Appleton, upon which to maintain this suit."

This administratrix had no title to the real estate involved in so far as her status as such administratrix is concerned. *Averill, Admr.* v. *Cone*, 129 Me. 9.

We have here a situation in which the demandant died after the institution and entry of the action. His wife in her capacity as administratrix of demandant's estate comes in to prosecute the action. No evidence can be found in the record that she has any interest in the real estate whatsoever. There is nothing in the record showing that the heirs or any other persons interested in the real estate were given notice. There is no plaintiff party in which a judgment of the court could possibly vest. The action must fail for the lack of a proper plaintiff. *Consolidated Rendering Co.* v. *Martin*, 128 Me. 96.

In view of our determination as to the status of the plaintiff, we find it unnecessary to consider the exceptions.

*Motion for new trial sustained and granted.*