John C. BOURGEOIS and Irene Bourgeois

v.

Harvey R. SPRAGUE and Mildred Sprague,
Executrix of the Estate of Harvey
R. Sprague.

Supreme Judicial Court of Maine.

June 3, 1976.

Archer & Downing, by David R. Downing, Bucksport, for plaintiffs.

Jerome B. Goldsmith, Marshall Stern, Bangor, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

PER CURIAM.

By reading the statement of facts from the briefs in this case, it is revealed that defendant Harvey Sprague died on February 4, 1971 during the pendency of this suit. Although the docket contains no notation of any motion pursuant to Rule 25(a), M.R.Civ.P., the record does show over the signature of the Justice of the Superior Court that

"Defendant's attorney suggests the death of Defendant on February 4, 1971 and that Mildred Sprague has been duly appointed and legally qualified Executrix of the Estate of the Defendant."

The record also shows that under date of September 29, 1971 plaintiffs amended their complaint

"by joining Mildred Sprague, Executrix of the Estate of Harvey R. Sprague as party Defendant."

She thereafter appears in the record of the case as defendant in her capacity as executrix under the deceased defendant's will.

There is nothing in the record to suggest that she is in fact a devisee of the defendant Harvey R. Sprague, and in any event she has appeared only in her representative capacity.

The complaint alleges that Harvey R. Sprague holds legal title to property by virtue of a quit-claim deed received from the Merrill Trust Company, a banking corporation. The claim is made that originally plaintiffs, husband and wife, borrowed money from the Merrill Trust Com-

pany and gave a note for such borrowed money secured by a real estate mortgage. When it later appeared that the plaintiffs were in default in the payment of the note secured by the mortgage, the bank insisted that plaintiffs give the bank a warranty deed with the verbal understanding that should the plaintiffs discharge the note, title to the property would be reconveyed to plaintiffs. In other words, the bank agreed that although the conveyance was in truth and fact intended to convey only the legal interest, equitable title remained in the plaintiffs; and this instrument which was a warranty deed in form was intended by the parties to be a mere security instrument.

When thereafter plaintiffs became further in default of the payments on the promissory note to the bank, paintiff John Bourgeois came to the bank with Harvey Sprague and authorized the bank to convey title to the property to Sprague upon his payment to the bank of the amount due on the note given by the Bourgeois.

This was done.

Thereafter Sprague gave a check dated October 15, 1970 to John Bourgeois. On the face of the check the legend "equity in land" was written.

Plaintiffs by this action seek to have it declared that title to the property is still in the Bourgeois on payment to Sprague of the sum paid by him to the bank.

The complaint demands judgment against defendant Mildred Sprague in her capacity as executrix "of the Estate of Harvey R. Sprague." As an alternative demand, reconveyance of the premises is sought.

 Neither legal nor equitable title to real estate passes to an executrix under a Will. Title to real estate becomes vested on the death of the owner in his heirs or devisees subject only to the right of the personal representative, when authorized by the court, to use it to pay creditors in case the personal estate is insufficient to pay the debts of the estate and expenses of administration. *Butts v. Fitzgerald,* 151 Me. 505, 121 A.2d 364 (1956); *Bragdon v. Smith,* 136 Me. 474, 12 A.2d 665 (1940); *Averill, Admr. v. Cone,* 129 Me. 9, 149 A. 297 (1930); *Trask v. Trask, Admr.,* 78 Me. 103, 3 A. 37 (1886); *Bridgham v. Prince,* 33 Me. 174 (1851).

No heir or devisee has ever been joined as a party in the proceedings. Clearly, full relief could not be afforded the plaintiffs in the absence of Harvey Sprague's devisees. The action should have been dismissed in accordance with the provisions of Rule 19, M.R.Civ.P.

The entry must be:

Appeal dismissed.

All Justices concur.

WEATHERBEE, J., sat at argument but died prior to the adoption of this opinion.