Irene BOURGEOIS

v.

Mildred SPRAGUE.

Supreme Judicial Court of Maine.

Aug. 4, 1978.

Archer & Downing by David R. Downing (orally), Brewer, for plaintiff.

Jerome B. Goldsmith (orally), Bangor, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

*Bourgeois v. Sprague,* Me., 358 A.2d 521 (1976), terminated an attempted appeal because an indispensable party was not before the court, namely, the devisees under the will of Harvey R. Sprague.[1] Rule 19(b), M.R.Civ.P. Following that decision, Irene Bourgeois, as the surviving joint tenant,[2] brought a new complaint against Mildred Sprague in her admitted status as widow and sole devisee under the will of Harvey Sprague, and The Merrill Trust Company, demanding a conveyance of realty alleged to have been transferred by The Merrill Trust Company to Harvey Sprague, which transfer could only have been "in law or in fact . . . an assignment of its [the Bank's] security interest" therein rather than the "fee simple interest" the Bank in fact conveyed.

The essential facts were sufficiently outlined in *Bourgeois v. Sprague, supra,* and need not here be repeated.

Mildred Sprague filed an answer which included the following motions to dismiss:

"FIRST MOTION TO DISMISS

The Defendant Mildred Sprague moves the Court to dismiss the present action on the grounds that Plaintiff's Complaint fails to state a claim against Defendant Mildred Sprague upon which relief can be granted.

SECOND MOTION TO DISMISS

Defendant Mildred Sprague moves the Court to dismiss the present action on the grounds that the Complaint is barred by the Statute of Frauds.

THIRD MOTION TO DISMISS

The Defendant Mildred Sprague moves the Court to dismiss the present action on the grounds that said action is barred and subject to Res Judicata.

FOURTH MOTION TO DISMISS

The Defendant Mildred Sprague moves the Court to dismiss the Complaint on the Grounds that said action is barred by and subject to collateral estoppel.

. . . . .

FIFTH MOTION TO DISMISS

The Defendant, Mildred Sprague, moves the Court to dismiss the Complaint on the grounds that said complaint is barred by laches."

The Merrill Trust Company likewise filed four motions to dismiss, two of which were granted but no appeal has been taken dismissing the action as to The Merrill Trust Company.

A Justice of the Superior Court used the following format in ruling on the Sprague motions:

"MOTIONS TO DISMISS OF MILDRED SPRAGUE

*FIRST*—Motion Denied.

*SECOND*—Motion Denied.

*THIRD*—Motion Granted.

*FOURTH*—Motion Granted.

*FIFTH*—Motion Denied.

Dated: November 8, 1976

/s/ [Justice Superior Court]
J.S.C."

The plaintiff has appealed. We sustain the appeal.

Appellant frames the issues on appeal as follows:

"I. What was the effect of the decision in the case *Bourgeois v. Sprague,* 358 Me. 521, as applied to the instant case?

---

1. Mildred Sprague was there joined as a party defendant only in her representative capacity as Executrix "of the Estate of Harvey R. Sprague."

2. It is alleged that John Bourgeois died "in November, 1975."

II. Does the trial and judgment of the former case, *Bourgeois v. Sprague, Supra,* act as an adjudication of the facts and issues of the instant case so as to bring into force the doctrine of 'Res Judicata'?

III. Was the trial and judgment of the former case, *Bourgeois v. Sprague, Supra,* an effective adjudication of the facts and issues of that case so as to 'Collaterally Estopp' [sic] the present Plaintiff from pursuing her action against the present Defendant, Mildred Sprague, in her individual capacity as devisee of Harvey Sprague?"

I

■ We agree with the appellant that the only result of our prior decision was to dismiss that case. Our decision on the merits would have been futile since the proper parties were not before the Court. The only party there was the Executrix under Mr. Sprague's will and, as such, she had no legal interest in the real estate, the title to which was the subject of that litigation. *See* cases cited in 358 A.2d at 522.

In the strict sense, Mrs. Sprague individually was not only a *necessary* party to the original action, she was an *indispensable* party. She was the record owner of the fee in the real estate involved; the ultimate relief sought by Mrs. Bourgeois could not be obtained except by directing Mrs. Sprague to convey the property to Mrs. Bourgeois. *Canal Nat. Bank v. Old Folks' Home Ass'n, Brunswick,* Me., 347 A.2d 428, 441 (1975), *citing Stevens v. Loomis,* 334 F.2d 775 (1st Cir. 1964). *See Medico v. Assurance Corp.,* 132 Me. 422, 425, 172 A. 1, 2 (1934).

The dismissal of the initial action had no effect on the case now pending.

II

■ "[T]he doctrine of *res judicata* does not operate to affect strangers to a judgment, that is, to affect the rights of those who are neither parties nor in privity with a party therein." *Huard v. Pion,* Me., 149 Me. 67, 69, 98 A.2d 261, 262 (1953). But "when the matter in controversy has once been inquired into and settled by a court of competent jurisdiction it cannot be again drawn in question in another suit between the same parties or their privies." *Cianchette v. Verrier,* 155 Me. 74, 88, 151 A.2d 502, 509 (1959). One is in privity with another if, as between them, there is a "mutual or successive relationship to the same rights of property." *Burns v. Baldwin-Doherty Co.,* 132 Me. 331, 334, 170 A. 511, 512 (1934).

■ In the original case Mrs. Sprague, as we have pointed out, was joined by the then plaintiff *only* in her representative capacity. It is self evident that there could be no privity of interest in the title to real property between a devisee of that real property and an executrix under the will of the testator. Furthermore, the issue raised by the pleading in the instant case was never "inquired into and settled" in the original action. Thus, by any standard, the doctrine of res judicata cannot avail the defendant. The matter in issue here was not decided in the prior case.

III

Should the plaintiff-appellant be collaterally estopped from asserting the res judicata defense?

■ The burden of proof on this issue rests on the party "setting up an estoppel." *Sevigny v. City of Biddeford,* Me., 344 A.2d 34, 38 (1975). The estoppel theory operates, in part, on the basic premise that the right, or claim of right, was previously in issue, passed upon and decided. *See Thaxter v. Fry,* Me., 222 A.2d 686, 691 (1966), and cases therein cited.

■ The issue in controversy here is whether Mrs. Sprague's title to the real property is an interest in fee or whether she holds the title only as security for the payment of a debt. That issue has never been litigated, passed on, or decided.

SUMMARY

When the Justice below ordered the case dismissed either on grounds of res judicata or collateral estoppel he committed legal error.

The entry is:

Appeal sustained.

Remanded to the Superior Court for further proceedings consistent with this opinion.