STATE OF MAINE                                    SUPERIOR COURT
OXFORD, SS.                                        CIVIL ACTION
                                                   DOCKET NO. RE-2016-05


U.S. BANK TRUST, N.A., as Trustee for
LSF9 MASTER PARTICIPATION TRUST,

           Plaintiff

    v.                                             ORDER

HOMEOWNERS ASSISTANCE
CORPORATION,

           Defendant,

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC, as nominee for HOMEOWNERS
ASSISTANCE CORPORATION;
ADAM DUPILE; and BELINDA DUPILE.

           Parties-In-Interest


Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, moves for declaratory default judgment, judgment on the pleadings, and to quiet title regarding the mortgaged premises at 273 East Buckfield Road in Buckfield.[1] Plaintiff brings this action against Defendant Homeowners Assistance

---

[1] While Plaintiff asserts that it is moving to quiet title, it explained in its opposition to the motion to dismiss filed by parties-in-interest, Adam and Belinda Dupile, that it is moving pursuant to Maine's Declaratory Judgment Act. (*See* Pl.'s Opp. to Mot. to Dismiss, 1-3); *see also Bell v. Wells*, 510 A.2d 509, 515 (Me. 1986) ("While the source of jurisdiction to quiet title is found in the quiet title provisions, 14 M.R.S.A. §§ 6651-6662, the Declaratory Judgment Act creates a more adequate and flexible remedy, avoiding the 'arcane intricacies found in the procedural requirements' of the quiet title provisions. We

1

Corporation (HAC) as well as parties-in-interest Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for HAC, Adam Dupile, and Belinda Dupile. HAC and MERS have not appeared in the present action. Adam and Belinda Dupile are the mortgagors. The Dupiles filed an unsuccessful motion to dismiss, but have not opposed the present motion. For the reasons stated below, Plaintiff's motion is denied.

## I. BACKGROUND

On January 18, 2008, the Dupiles appear to have executed and delivered to HAC a Note in the amount of $168,700. To secure the Note, the Dupiles executed a Mortgage Deed in favor of MERS, as nominee for HAC, securing the property located at 273 East Buckfield Road in Buckfield.

Thereafter, MERS purported to assign the Mortgage Deed to Chase Home Finance LLC, by virtue of an Assignment of Mortgage dated April 15, 2010. Chase Home Finance LLC then assigned that Mortgage Deed to the Secretary of Housing and Urban Development (HUD" by a Maine Assignment of Mortgage dated July 10, 2014. Finally, the Secretary of HUD purported to assign the Mortgage Deed to Plaintiff by virtue of an Assignment of Mortgage/Deed of Trust dated March 6, 2015.

---

have noted that a declaratory judgment proceeding is a 'particularly efficacious method for quieting title to real property.'" (citations omitted).) Additionally, quiet title actions are vehicles to confirm legal title to real estate, not to adjudicate ownership interests in mortgages, which secure the right to payment under note instruments. *See* 14 M.R.S. §§ 6651-6658.

Plaintiff filed the present action on January 26, 2016, seeking a "confirmatory *Nunc Pro Tunc* order and an effective reaffirmation" of the assignments. Plaintiff further seeks a declaration that it is and was the owner of both the Note and the Mortgage effective March 6, 2015, the date the Secretary of HUD purported to assign the Mortgage Deed to Plaintiff.

## II. DISCUSSION

Plaintiff contends that where the note and the mortgage for a property are held by separate entities as the onset of the transaction, an equitable trust is implied by law under which the mortgage is held in trust for the noteholder. *See Jordon v. Cheney*, 74 ME 359, 361 (Me. 1883). Due to this equitable trust, the limited scope of the Law Court's decision in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700, and the Legislature's enactment of 33 M.R.S. § 508, Plaintiff argues it is entitled to a judgment "confirming that all of the interests contained in the subject mortgage have been transferred to Plaintiff."

Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S.A. §§ 5953, 5957 (2015). "Although the Declaratory Judgments Act expands the range of available relief, it does not relax the elements of justiciability necessary to present the Court with a justiciable controversy." *Berry v. Daigle*, 322 A.2d 320, 325 (Me. 1974). "When declaratory

3

relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963 (2015). "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." 14 M.R.S. § 5958 (2015).

Here, judgment in favor of the Plaintiff is inappropriate for a number of reasons. First, Plaintiff filed a return of service stating that the complaint and summons were served on HAC, Charter #19890498F through the Maine Secretary of State Bureau of Corporations. That foreign corporation, however, ceased doing business in Maine in 2001, seven years before the Dupiles entered into the Note and Mortgage.[2] Accordingly, it seems very unlikely that Plaintiff served the proper Defendant.

Second, even if Plaintiff had served the proper Defendant, a declaratory judgment would not be appropriate because the court cannot sufficiently ascertain whether there is a controversy between the litigants. *Berry*, 322 A.2d at 325. This is because Plaintiff's motion contends that the parties named in the Complaint

---

[2] The court makes this determination by taking judicial notice of both the Secretary of State's records relating to HAC, Charter #19890498F and the following Superior Court cases in which the court explained that Plaintiff improperly served HAC, Charter #19890498F: *U.S. Bank Trust, N.A. v. Homeowners Assist. Corp.*, AUBSC-RE-15-49 (Me. Super. Ct., And. City., Oct. 7, 2015); *U.S. Bank Trust, N.A. v. Homeowners Assist. Corp.*, AUBSC-RE-15-51 (Me. Super. Ct. And. Cnty., June 27, 2016). M.R. Evid. 201; *Guardianship of Jewel M.*, 2010 ME 80, ¶ 24, 2 A.3d 301; *Finn v. Lipman*, 526 A.2d 1380, 1381 (Me. 1987).

"claim or *may* claim some right, title or interest in the premises adverse to Plaintiff's estate . . . ." This problem is exacerbated by the fact that Plaintiff's motion is unopposed and certain entities, that may have previously held rights to the Mortgage Deed, were not joined in the present action.

Furthermore, a reaffirmation of the assignments at issue in the present case would also be a declaration of the rights of MERS, Chase Home Finance LLC, and the Secretary of HUD to assign the mortgage at issue. Chase Home Finance LLC and the Secretary of HUD, however, are not parties to this action, thereby rendering a declaratory judgment improper. *See* 14 M.R.S. § 5963; *Bank of Am., N.A. v. Metro Mortg. Co.*, 2015 Me. Super. LEXIS 14, at *3 (Jan. 29, 2015) (denying plaintiff's request for default judgment in declaratory judgment action in part because plaintiff had failed to join necessary parties); Horton & McGehee, *Maine Civil Remedies* § 3-3(d)(2) at 50 (4th ed. 2004) ("a declaration of rights may properly be refused when persons whose interests would be affected are not parties").

In addition, a declaratory judgment—even against the proper Defendant—as to whether Plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership of the mortgage. If the court were to declare that Plaintiff does not own the Mortgage, Chase Home Finance LLC and the Secretary of HUD would remain free to litigate whether they instead owned the mortgage.

14 M.R.S. § 5958; *Bourgeois v. Sprague*, 358 A.2d 521, 522 (Me. 1976) (M.R. Civ. P. 19 applied to declaratory judgment actions); 2 Harvey *Maine Civil Practice* § 19:1 at 558 (3d ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

Finally, procedural rules must be followed, especially in matters involving mortgage foreclosure. *See JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 15, 10 A.3d 718. M.R. Civ. P. 55(b)(2), addressing default judgments, authorizes the court to conduct a hearing the court deems necessary and proper "to establish the truth of any averment by evidence." Here, even if the foregoing deficiencies were not present, the court would have required a hearing to establish the truth of Plaintiff's averments. For instance, while the Complaint and Motion purport to attach true and correct copies of the Note, Mortgage Deed, and purported assignments thereof, Plaintiff has not produced an affidavit from a custodian of records or other appropriate individual declaring as much.[3]

---

[3] The court also notes that should Plaintiff subsequently fail to prove ownership of the Note and Mortgage in a foreclosure action, such a finding could result in a determination that Plaintiff lacked standing in the present case. This determination could divest the court of jurisdiction and potentially render the requested default judgment void. *See* 3 Harvey, *Maine Civil Practice* § 55.6 at 206 & n.3 (3d ed. 2011) (noting that while the factual allegations contained in a complaint upon which the defendant defaulted are not subject to collateral attack, the judgment may be void if the court lacked jurisdiction).

## III. CONCLUSION

In light of the foregoing, Plaintiff's motion is denied. The entry is:

Plaintiff's motion for quiet title, declaratory default judgment, and judgment on the pleadings is DENIED.

DATED: 9/14/14

Robert W. Clifford
Active Retired Justice