2011 ME 5

**JPMORGAN CHASE BANK**

v.

**Brian HARP.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 21, 2010.
Decided: Jan. 6, 2011.

Brian Harp, Hollywood, CA, pro se.

F. David Walker, IV, Esq., Rudman & Winchell, Bangor, ME, for JPMorgan Chase Bank.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR JJ.

MEAD, J.

[¶ 1]  Brian Harp appeals from the District Court's (Ellsworth, *Staples, J.*) entry of summary judgment in favor of JPMorgan Chase Bank in a foreclosure action against him.  Harp argues that JPMorgan did not have standing to bring the action, and it therefore should have been dismissed without prejudice.  Finding no error, we affirm.

## I. BACKGROUND

[¶ 2]  On July 18, 2005, Harp executed a promissory note and mortgage to Nationwide Lending Corporation.  An allonge to the note provided that payments would be made to Long Beach Mortgage Company. On May 14, 2007, Harp and Washington Mutual, the successor-in-interest to Long Beach Mortgage Company, entered into a loan modification agreement.  On September 1, 2008, Harp missed a payment and has made no payments thereafter.  On November 5, 2008, Washington Mutual notified Harp that he was in default.

[¶ 3]  In March 2009, JPMorgan filed a foreclosure complaint against Harp alleging that "[t]he mortgage was assigned to JPMorgan Chase Bank, National Association by assignment to be recorded."  However, the record establishes that Nationwide Lending Corporation assigned the mortgage to JPMorgan on April 16, 2009, and this assignment was recorded on May 28, 2009.

[¶ 4]  JPMorgan had difficulty serving Harp at the address of the mortgaged property, and the court ordered service by publication. Harp alleges that he was living in California and learned of the action from a third party who saw a notice in the *Bangor Daily News*. Harp filed a general answer to the complaint on October 19, 2009, denying the allegations against him.

[¶ 5]  JPMorgan moved for summary judgment on February 18, 2010.  Harp submitted a general opposition to the motion on March 3, 2010, but did not file an opposing statement of material facts pursuant to M.R. Civ. P. 56(h)(2).  The court granted JPMorgan's motion for summary judgment, finding that Harp owed

$530,664.51 under the terms of the note and mortgage.

[¶ 6]  Harp timely appealed.  He argues that the court erred in allowing JPMorgan to proceed with the action even though it lacked a legally enforceable interest in the mortgage at the time of commencement of the suit and therefore summary judgment was improperly granted.

## II. DISCUSSION

■  [¶ 7]  Harp asserts that JPMorgan did not have standing to bring this action before it received assignment of the mortgage and therefore the complaint should be dismissed without prejudice.  Although Harp did not raise this issue before the trial court, standing relates to the court's subject matter jurisdiction and may be raised at any time, including during an appeal.[1]  *See Francis v. Dana–Cummings*, 2007 ME 16, ¶ 20, 915 A.2d 412, 416.  We review the issue of a party's standing to sue de novo.  *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶ 7, 2 A.3d 289, 293.

■  [¶ 8]  Verifying that a party has standing ensures that there is "concrete adverseness that facilitates diligent development of the legal issues presented." *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1380 (Me.1996) (quotation marks omitted). Although there is no set formula to determine standing, we may "limit access to the courts to those best suited to assert a particular claim."  *Id.*

■  [¶ 9]  At the commencement of litigation, JPMorgan owned the note, but not

---

1.  Because a mortgage holder must provide "properly presented proof of ownership" when moving for summary judgment, we do not agree with JPMorgan that the record is insufficient on the issue of ownership in foreclosure cases such that JPMorgan would be unfairly prejudiced by consideration of this issue for the first time on appeal.  *See Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, 511.

the mortgage.[2] JPMorgan would have been vulnerable to a motion by Harp challenging JPMorgan's ability to foreclose at that time. However, Harp did not raise this issue before JPMorgan cured the defect through the assignment of the mortgage from Nationwide Lending Corp. At the time JPMorgan filed its motion for summary judgment, it had satisfied the ownership prerequisites for standing.[3]

[¶ 10] There are multiple avenues at trial through which a party may challenge another party's capacity to sue. Pursuant to M.R. Civ. P. 9(a), a party challenging capacity to sue must do so by "specific negative averment," including "such supporting particulars as are peculiarly within the pleader's knowledge." Harp did not make any motion or otherwise raise the issue of JPMorgan's capacity to sue until after JPMorgan established standing.[4]

[¶ 11] The Maine Rules of Civil Procedure provide mechanisms for substitution of parties after commencement of a civil lawsuit. *See* M.R. Civ. P. 17, 25. However, given the unique posture of this filing, none appear appropriate or necessary to correct the record.

[¶ 12] Objection on the ground that JPMorgan was not the real party in interest would not have resulted in automatic dismissal of the complaint. Pursuant to M.R. Civ. P. 17(a), an action is not to be dismissed on that ground "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Rule 17(a) "prevents forfeiture when the determination of the proper party to sue is difficult or when an understandable mistake has been made." *Tisdale v. Rawson*, 2003 ME 68, ¶ 17, 822 A.2d 1136, 1141. We do not speculate as to why JPMorgan filed the complaint prior to the assignment, but on this record the trial court could have concluded that JPMorgan's premature filing was an understandable mistake.[5] *See Mortg. Elec. Registration Sys., Inc.*, 2010 ME 79, ¶ 19, 2 A.3d at 298–99 (finding that the wrong party's prosecution of a case is an understandable mistake when the Law Court has not previously addressed the party's standing to foreclose).

[¶ 13] JPMorgan's late acquisition of the mortgage did not change the cause of

---

2. We did not address this situation in our recent decision in *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 11 n. 3, 2 A.3d 289, 296.

3. Title 14 M.R.S. 6321 (2009) states that "the mortgagee or any person claiming under the mortgagee may proceed for the purpose of foreclosure by a civil action." Maine has adopted the Uniform Commercial Code's definition of "person entitled to enforce" an instrument: "[t]he holder of the instrument"; "[a] nonholder in possession of the instrument who has the rights of a holder"; or "[a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3–1309 or 3–1418, subsection (4)[,]" even though "the person is not the owner of the instrument or is in wrongful possession of the instrument." 11 M.R.S. 3–1301 (2009).

4. JPMorgan never specifically brought the fact of its subsequent acquisition of the ownership of the mortgage to the court's attention.

5. We note that the court granted JPMorgan summary judgment before our decision in *Mortgage Electronic Registration Systems, Inc.*, 2010 ME 79, ¶¶ 7–15, 2 A.3d at 293–97, which discussed standing requirements in foreclosure actions. In the context of foreclosures, legislation has been enacted to protect homeowners alleged to be in default on residential mortgages. *See, e.g.*, 14 M.R.S. 6321–A (2009) (requiring participation in a foreclosure mediation program for complaints filed after January 1, 2010). These new mechanisms will ensure that foreclosure actions will be subject to careful scrutiny for compliance with all procedural prerequisites at the outset of litigation.

action or prejudice Harp. *See id.* Although Harp asserts that he was not provided with the original complaint and was generally deprived of opportunities to be heard throughout the litigation, it is not clear that the identity of the plaintiff affected either of these alleged deficiencies.

[¶ 14] JPMorgan owned both the note and the mortgage at the time that it filed for summary judgment. Given Harp's failure to raise this issue until after JPMorgan had corrected the defect in standing,[6] as well as the unique circumstances presented by this record, we find that the court did not err in allowing JPMorgan to file for summary judgment after the assignment.

■ [¶ 15] Harp also challenges the grant of summary judgment on substantive grounds. We review a grant of summary judgment de novo and view the evidence in the light most favorable to the nonmoving party to determine "whether the parties' statements of material facts and the referenced record evidence reveal a genuine issue of material fact." *Mortg. Elec. Registration Sys., Inc.,* 2010 ME 79, ¶ 22, 2 A.3d at 299 (quotation marks omitted). We have previously noted the importance of adherence to procedural rules in mortgage foreclosures. *Camden Nat'l Bank v. Peterson,* 2008 ME 85, ¶ 29, 948 A.2d 1251, 1259 ("This situation underscores the importance of applying summary judgment rules strictly in the context of residential mortgage foreclosures.").

[¶ 16] Harp argues that there are inaccuracies in JPMorgan's statement of material facts, including an inconsistency in the balance due as stated in the affidavit of lender and in the statement of material facts, an error in the date that Harp defaulted, and an error in the amount due. The first claim is without merit; the inconsistency in the balance due between the two statements results because one amount includes attorney fees and the other does not. Harp bases his remaining contentions on an allegation that Washington Mutual instructed him not to make further payments while a loan modification was being negotiated, and claims that this modification was also intended to change the applicable late charges and fees. There is no record evidence to support these assertions.

■ [¶ 17] There is also a dispute as to whether Harp received notice of the default.[7] Failure to provide notice is an affirmative defense, and Harp has not met his burden of proving the applicability of this defense. *See ABN AMRO Mortg. Grp. v. Willis,* 2003 ME 98, ¶ 5, 829 A.2d 527, 529.

[¶ 18] JPMorgan's statement of material facts, supported by an affidavit of lender, complies with the requirements for summary judgment in a foreclosure case. *See Chase Home Fin. LLC v. Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508, 510–11. Harp's opposition to JPMorgan's motion for summary judgment was not sufficient to withstand JPMorgan's filing, and, even considering Harp's new arguments on appeal, Harp has not raised any disputed material facts, beyond unsupported assertions, that would make resolution by summary judgment improper.

---

6. We do not afford Harp special consideration as a pro se litigant. *See Warren v. Baxter,* 645 A.2d 13, 14 n. 2 (Me.1994) (*"[P]ro se* status does not entitle [the defendant] to preferential treatment in the application of our rules.").

7. In his statement of issues on appeal, Harp alleges that he did not receive notice, but he did not develop this argument in his appellate brief.

## III.  CONCLUSION

[¶ 19] In summary, we hold that JPMorgan improperly filed the foreclosure complaint before it owned both the note and the mortgage, but this defect was cured when JPMorgan was assigned the mortgage.  Because Harp did not raise this issue until after the assignment, the court did not err in considering JPMorgan's motion for summary judgment.  We also note that this case proceeded in a relatively new and uncharted posture, and we discourage future foreclosure plaintiffs from avoiding strict compliance with foreclosure standing requirements.  Because JPMorgan's motion for summary judgment (1) was filed after JPMorgan became the owner of the note and the mortgage, (2) met the criteria for summary judgment in a foreclosure action, and (3) was effectively unopposed, we conclude that the grant of summary judgment was proper.

The entry is:

Judgment affirmed.