ENTERED NOV 0 4 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-163
CUM-NDM-10-28-14

WELLS FARGO BANK, NA,

Plaintiff

v.

ORDER ON DEFENDANTS'
MOTION TO DISMISS

GRAEME W. BUSH, et al.,

Defendants

Before the court is defendants' motion to dismiss the complaint with prejudice for lack of standing. Defendants argue that plaintiff Wells Fargo Bank, N.A. lacks standing because the mortgage was assigned to plaintiff by Mortgage Electronic Registration Systems, Inc. (MERS), an entity that lacked the right to foreclose on the mortgage. For the following reasons, the motion is granted and the complaint is dismissed without prejudice.

BACKGROUND

The following facts are taken from the plaintiff's complaint or documents referred to in plaintiff's complaint. Defendants Graeme Bush and Gregory Bush are co-trustees of the Sterling C. Bush Trust, which is the record owner of property located at 134 Mountain Road in Falmouth, Maine. (Compl. ¶ 2.) On November 7, 2001, the late Sterling C. Bush executed and delivered a promissory

---

1 The court may consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for summary judgment when the authenticity of such documents is not challenged." Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 10, 843 A.2d 43.

note in the amount of $150,000 to Fleet National Bank. (Compl. ¶ 4.) The note was secured by a mortgage executed and delivered to MERS, as nominee for Fleet National Bank. (Compl. ¶ 6.)

The definitions section of the mortgage document contains the following language:

> (C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.**
> (D) **"Lender"** means **FLEET NATIONAL BANK**

(Defs.' Ex. C.) The mortgage also contains the following provision regarding MERS:

> **BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY**
> I mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors and assigns), with mortgage covenants, subject to the terms of this Security Instrument, to have and to hold all of the Property to MERS (solely as nominee for Lender and Lender's successor and assigns) and to its successors and assigns, forever. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that Applicable Law gives to Lenders who hold mortgages on real property.
> . . . .
> I understand and agree that MERS holds only legal title to the rights granted by me in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:
> (A) to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and
> (B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument
> . . . .
> I grant and mortgage to MERS (solely as nominee for Lender and Lender's successors in interest) the Property described [below].

(Defs.' Ex. C.)

On March 18, 2010, the mortgage was purportedly assigned by MERS to plaintiff and the assignment was recorded in the Cumberland County Registry of Deeds. (Compl. ¶ 7; Defs.' Ex. A.) In addition to this assignment, the complaint references a "Confirmatory Assignment of Mortgage" also from MERS to plaintiff dated October 18, 2010. (Compl. ¶ 7; Defs.' Ex. B.) Although plaintiff is in possession of the mortgage, plaintiff cannot find the note. (Compl. ¶ 8.)

## DISCUSSION

### 1. Standing to Foreclose

This case is governed by the Law Court's recent decision in Bank of America, N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700. As the Law Court explained in that case, in a foreclosure action plaintiff has standing only if it can demonstrate an interest in both the note and the mortgage. Greenleaf, 2014 ME 89, ¶ 9, 96 A.3d 700. Plaintiff alleges it will prove its interest in the note by way of a "Lost Note Affidavit." (Compl. ¶ 8.) At issue also, however, is whether plaintiff can demonstrate ownership of the mortgage.

In Greenleaf the court looked at the language in the mortgage, language identical to that contained in the mortgage in this case.[2] Greenleaf, 2014 ME 89, ¶

---

2 The mortgage in Greenleaf contained the following language:

(C) "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501–2026, tel. (888) 679–MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.**
(D) "**Lender**" means RESIDENTIAL MORTGAGE SERVICES, INC
....
[Borrowers] mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors and assigns), with mortgage covenants, subject to the terms of this Security Instrument, to have and to hold all of the Property to MERS (solely as nominee for Lender and Lender's successors and assigns) and to its successors and assigns, forever.... [Borrowers] understand and agree that MERS holds only legal title to

3

13, 96 A.3d 700; Defs.' Ex. C, at 2-3; <u>see also</u> <u>Mortgage Elec. Registration Sys., Inc.</u> <u>v. Saunders</u>, 2010 ME 79, ¶ 9, 2 A.3d 289 (quoting the same language). The court concluded that the mortgage "granted to MERS only the right to record the mortgage as the lender's nominee, and having only that right, MERS did not qualify as a mortgagee pursuant to our foreclosure statute." <u>Greenleaf</u>, 2014 ME 89, ¶ 14, 96 A.3d 700 (quotation marks and brackets omitted); <u>see also</u> <u>Saunders</u>, 2010 ME 79, ¶ 10, 2 A.3d 289 ("The only rights conveyed to MERS . . . are bare legal title to the property for the sole purpose of recording the mortgage and the corresponding right to record the mortgage with the Registry of Deeds."). Finally, the court concluded that because MERS never had the right to foreclose, it could not assign that right to the plaintiff bank. <u>Greenleaf</u>, 2014 ME 89, ¶ 16, 96 A.3d 700.

Just as in <u>Greenleaf</u>, because the mortgage here never gave MERS the right to foreclose, MERS could not transfer that right to plaintiff. Plaintiff argues that it should be allowed the opportunity to present evidence outside of the mortgage that MERS held legal title to the mortgage with the right to foreclose. The complaint does not reference any other documents aside from the mortgage and the two purported assignments from MERS, and plaintiff does not explain what

---

the rights granted by [Borrowers] in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:
(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and
(B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
....
[Borrowers] grant and mortgage to MERS (solely as nominee for Lender and Lender's successors in interests) the Property described [below].

<u>Greenleaf</u>, 2014 ME 89, ¶ 13, 96 A.3d 700.

4

other evidence it would introduce. The Law Court has explicitly stated that a party that cannot demonstrate ownership of the mortgage at the commencement of a suit is vulnerable to a motion to dismiss. JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶ 9, 10 A.3d 718. Based on the allegations in the complaint, which the court accepts as true, plaintiff does not have standing to foreclose. Accordingly, the complaint must be dismissed.

2. Effect of Dismissal

Defendants characterize their motion as a 12(b)(6) motion and therefore argue that the complaint should be dismissed with prejudice. See Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell, 1998 ME 70, ¶ 9, 708 A.2d 283 ("A rule 12(b)(6) dismissal is technically an adjudication on the merits and is with prejudice."). Standing, however, "relates to the court's subject matter jurisdiction" and therefore a motion to dismiss for lack of standing is more properly characterized as a 12(b)(1) motion. Harp, 2011 ME 5, ¶ 7, 10 A.3d 718; M.R. Civ. P. 12(b)(1). If the court finds that plaintiff lacks standing to sue, the court lacks subject matter jurisdiction to adjudicate the case. In re M.M., 2014 ME 15, ¶ 7, 86 A.3d 622. Because the court does not reach the merits in this case, the complaint will be dismissed without prejudice. See Fed. Home Loan Mortgage Corp. v. Schwartzwald, 979 N.E.2d 1214, 1223 (Ohio 2012) ("The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice.").

The entry is

Defendant's Motion to Dismiss is GRANTED. The Complaint is DISMISSED without prejudice.

Dated: 10/28/14

Nancy Mills
Justice, Superior Court

CUMB RE-14-163

6

K OF COURTS
erland County
ry St   +, Ground Floor
nd, 1.   04101



JOHN NEY ESQ
BENDETT & MCHUGH
30 DANFORTH ST
SUITE 104
PORTLAND ME 04101

K OF COURTS
)erland County
iry St    Ground Floor
and, M.. 04101

DAVID MCCONNELL ESQ
JOSEPH SIVISKI ESQ
PERKINS THOMPSON
PO BOX 426
PORTLAND ME 04112-0426