STATE OF MAINE                                  SUPERIOR COURT
YORK, SS.                                       Civil Action
                                                Docket No. CV-15-0212


THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS
OF THE CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-11,

                    Plaintiff

          v.                                    ORDER

AEGIS MORTGAGE CORPORTATION,
SUCCESSOR BY MERGER TO AEGIS
LENDING CORPORATION

and

JUDITH CRUEA,

                    Defendants.


In light of the Law Court's 2014 decision in *Bank of America, N.A. v. Greenleaf,* 2014 ME 89, parties seeking to enforce residential mortgages are required to establish, among other things, sufficient ownership of a mortgage in order to demonstrate standing to maintain a foreclosure action. This has proven challenging in circumstances (such as those apparently surrounding the mortgage at issue in this case) where the originating lender assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee without clear delineation of the rights assigned, and said lender now may be unwilling or unable to confirm the scope of the assignment.

1

Plaintiff The Bank of New York Mellon brings this declaratory judgment action pursuant to 14 M.R.S. §§ 5951 et seq. to establish ownership of, and hence standing to enforce, the mortgage in question in this case. Before the court at this time is plaintiff's motion for entry of default judgment pursuant to M.R. Civ. P. 55(b)(2) against defendant Aegis Mortgage Corporation. The motion is denied.

## Background

In March 2007 Judith A. Cruea executed and delivered to Aegis Lending Corporation a promissory note in the amount of $108,200 secured by a mortgage, in connection with the purchase of real estate located at 707 Upper Guinea Road in Lebanon, Maine. (Compl. ¶¶ 5-6.)

Aegis Lending Corporation executed an allonge attached to the original note, making the note payable to Aegis Mortgage Corporation, which is the successor by merger to Aegis Lending Corporation. (*Id.* at ¶ 9.) Aegis Mortgage Corporation executed an endorsement appearing on the original allonge to Countrywide Bank, N.A., which, in turn, subsequently (as Countrywide Bank, FSB, Countrywide Bank, N.A.'s successor) executed a blank endorsement making the note payable to and enforceable by the party in possession. (*Id.* at ¶5.)

The mortgage securing the note was executed and delivered to MERS, as nominee for Aegis Lending Corporation. (*Id.* at ¶ 6.) MERS assigned the mortgage to plaintiff in August 2012. (*Id.* at ¶ 7.)

Plaintiff served Aegis Mortgage Corporation and Judith Cruea with the summons and complaint. Ms. Cruea filed a handwritten response, which the court deems a responsive pleading. Aegis Mortgage Corporation has not filed a responsive pleading or otherwise appeared in the case. Plaintiff has moved for a default judgment against Aegis Mortgage Corporation.

## Conclusions

When declaratory relief is sought, "all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963. The declaration of rights sought by plaintiff would also effectively adjudicate the extent of MERS's rights in and to the mortgage at issue, if any. MERS is not a party to this action, and may need to be joined before the court entertains such a request. *Id.; see also* 14 M.R.S. § 5958 (court may refuse to render declaratory judgment that does not fully resolve the issues presented in the proceeding); Horton & McGehee, *Maine Civil Remedies* § 3-3(d)(2) at 50 (4th ed. 2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties."); 2 Harvey, *Maine Civil Practice* § 19:1 at 558 (3rd ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

As importantly, in matters involving residential mortgage foreclosures, procedural rules should be strictly followed. *See JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 15, 10 A.3d 718; *cf.* M.R. Civ. P. 55(a)(1) (no entry of default or default judgment absent full compliance with enumerated requirements). With regard to an application for a default judgment, Rule 55(b)(2) provides that:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . ."

M.R. Civ. P. 55(b)(2). In light of the nature of the rights at stake and the close scrutiny that trial courts are expected to give thereto, the court determines it is necessary and proper under Rule 55(b)(2) to adjudicate plaintiff's rights of ownership in and to said mortgage after hearing rather than to do so in response to request for default judgment.

3

*See id.; cf.* M.R. Civ. P. 55(b)(3) (No judgment by default on claim based on negotiable instrument or obligation unless original or copy of instrument or obligation filed with the clerk or court for cause shown otherwise directs).

### Order

Plaintiff The Bank of New York Mellon's motion for default judgment against Aegis Mortgage Corporation is DENIED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

DATE:    August 1, 2016

_____
Wayne R. Douglas
Justice, Maine Superior Court

4