STATE OF MAINE                                SUPERIOR COURT
YORK, SS.                                     Civil Action
                                              Docket No. RE-16-0001


FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
                    Plaintiff

        v.

AMERICAN HOME MORTGAGE CORP.
d/b/a AMERICAN BROKERS CONDUIT,

REGINALD POULIN, JR., CO-PERSONAL          **ORDER ON PLAINTIFF'S**
REPRESENTATIVE OF THE ESTATE OF            **MOTION FOR DEFAULT**
PATRICIA M. NOEL,                          **JUDGMENT**

and

DARCY L. DANIELS, CO-PERSONAL
REPRESENTATIVE OF THE ESTATE OF
PATRICIA M. NOEL,
                    Defendants.


In light of the Law Court's 2014 decision in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, parties seeking to enforce residential mortgages are required to establish, among other things, sufficient ownership of a mortgage in order to demonstrate standing to maintain a foreclosure action. This has proven challenging in circumstances (such as those apparently surrounding the mortgage at issue in this case) where the originating lender assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee without clear delineation of the rights assigned, and said lender now may be unwilling or unable to confirm the scope of the assignment.

Plaintiff Federal National Mortgage Association (FNMA) brings this declaratory judgment action pursuant to 14 M.R.S. §§ 5951 et seq. to establish ownership of, and

1

hence standing to enforce, the mortgage in question in this case. Before the court at this time is plaintiff's motion for entry of default judgment pursuant to M.R. Civ. P. 55(b)(2) against defendant American Home Mortgage d/b/a American Brokers Conduit. The motion is denied.

## Background

In November 2006 Patricia M. Noel executed and delivered to American Brokers Conduit (American Home Mortgage Corp.) a promissory note in the amount of $93,000, secured by a mortgage, in connection with the purchase of real estate located at 44 Wesley Avenue in Old Orchard Beach, Maine. (Compl. ¶¶ 6-7, 9.) The mortgage was executed and delivered to MERS as nominee for American Brokers Conduit. (*Id*. at ¶ 7.) MERS assigned the mortgage to Green Tree Servicing LLC in March 2013. (*Id*. at ¶ 8.) The mortgage was "further assigned" to FNMA in May 2015. (*Id*.) American Bankers Conduit executed a blank endorsement on the promissory note, of which FNMA is the current holder.

Reginald E. Poulin, Jr. and Darcy L. Daniels are co-personal representatives of the estate of Patricia M. Noel. (*Id*. at 3, 4.) Plaintiff served each of them with a copy of the summons and complaint, and each filed in response the standard, court-generated form entitled, "Response to Complaint and Request for Mediation," that is available to defendant/homeowners for use in residential foreclosure actions. Plaintiff also served American Home Mortgage Corp. d/b/a American Brokers Conduit, but it has not responded. MERS and Green Tree Servicing LLC are not named as parties.

## Conclusions

When declaratory relief is sought, "all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963. The

declaration of rights sought by plaintiff would effectively adjudicate the rights, if any, of MERS and Green Tree Servicing LLC. They are not parties to this action, and may need to be joined as parties before the court entertains such a request. *Id.; see also* 14 M.R.S. § 5958 (court may refuse to render declaratory judgment that does not fully resolve the issues presented in the proceeding); Horton & McGehee, *Maine Civil Remedies* § 3-3(d)(2) at 50 (4ᵗʰ ed. 2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties."); 2 Harvey, *Maine Civil Practice* § 19:1 at 558 (3ʳᵈ ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

As importantly, in matters involving residential mortgage foreclosures, procedural rules should be strictly followed. *See JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 15, 10 A.3d 718; *cf.* M.R. Civ. P. 55(a)(1) (no entry of default or default judgment absent full compliance with enumerated requirements). With regard to an application for a default judgment, Rule 55(b)(2) provides that:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . ."

M.R. Civ. P. 55(b)(2). In light of the nature of the rights at stake and the close scrutiny that trial courts are expected to give thereto, the court determines it is necessary and proper under Rule 55(b)(2) to adjudicate plaintiff's rights of ownership in and to said mortgage after hearing rather than to do so in response to request for default judgment. *See id.; cf.* M.R. Civ. P. 55(b)(3) (No judgment by default on claim based on negotiable instrument or obligation unless original or copy of instrument or obligation filed with the clerk or court for cause shown otherwise directs).

3

## Order

Plaintiff Federal National Mortgage Association's motion for default judgment against American Home Mortgage Corp. d/b/a American Brokers Conduit is DENIED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

DATE: August 1, 2016

Wayne R. Douglas
Justice, Maine Superior Court