STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         Civil Action
                                                  Docket No. CV-15-0242


DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
MORGAN STANLEY HOME EQUITY
TRUST 2006-3, MORTGATE PASS THROUGH
CERTIFICATES, SERIES 2006-3,

                    Plaintiff

          v.                                      ORDER

AEGIS MORTGAGE CORPORTATION,
SUCCESSOR BY MERGER TO AEGIS
LENDING CORPORATION

and

CHRIS WILKERSON & BABBIE L. WILKERSON,

                    Defendants.


          In light of the Law Court's 2014 decision in *Bank of America, N.A. v. Greenleaf,*
2014 ME 89, parties seeking to enforce residential mortgages are required to establish,
among other things, sufficient ownership of a mortgage in order to demonstrate
standing to maintain a foreclosure action.    This has proven challenging in
circumstances (such as those apparently surrounding the mortgage at issue in this case)
where the originating lender assigned the mortgage to Mortgage Electronic Registration
Systems, Inc. (MERS) as nominee without clear delineation of the rights assigned, and
said lender now may be unwilling or unable to confirm the scope of the assignment.

          Plaintiff brings this declaratory judgment action pursuant to 14 M.R.S. §§ 5951 et
seq. to establish ownership of, and hence standing to enforce, the mortgage in question

1

in this case. Before the court at this time is plaintiff's motion for entry of default judgment pursuant to M.R. Civ. P. 55(b)(2) against defendant Aegis Mortgage Corporation. The motion is denied.

## Background

In December 2005 Chris and Babbi Wilkerson executed and delivered to Aegis Lending Coroporation a promissory note in the amount of $90,100 secured by a mortgage, in connection with the purchase of real estate located at 1458 Long Plains Road, Buxton, Maine. (Compl. ¶¶ 6-7.)

Aegis Lending Corporation executed an endorsement on the note to Aegis Mortgage Corporation, which, in turn, executed a blank endorsement on the note, making it payable to and enforceable by the party in possession of thereof. (*Id.* at ¶6.)

The mortgage securing the note was executed and delivered to MERS as nominee for Aegis Lending Corporation. (*Id.* at ¶ 7.) MERS assigned the mortgage to plaintiff in March 2013. (*Id.* at ¶ 8.) Aegis Mortgage Corporation is the successor by merger to Aegis Lending Corporation. (*Id.* at 9.)

Plaintiff served all defendants. Chris Wilkerson filed a response indicating that he and Babbie Wilkerson were divorced in 2006; and that his ex-wife was awarded the real estate in question in the divorce. Babbie Wilkerson filed a response consisting of the standard court form entitled, "Response to Complaint and Request for Mediation," which is made available to defendant/homeowners for use in residential mortgage foreclosure actions. Aegis Mortgage Corporation did not file a responsive pleading or otherwise appear. Plaintiff now has moved for a default judgment against Aegis Mortgage Corporation.

## Conclusions

When declaratory relief is sought, "all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963. The declaration of rights sought by plaintiff would also effectively adjudicate the rights of MERS in and to the mortgage at issue, if any. MERS is not a party to this action, and may need to be joined before the court entertains such a request. *Id.; see also* 14 M.R.S. § 5958 (court may refuse to render declaratory judgment that does not fully resolve the issues presented in the proceeding); Horton & McGehee, *Maine Civil Remedies* § 3-3(d)(2) at 50 (4ᵗʰ ed. 2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties."); 2 Harvey, *Maine Civil Practice* § 19:1 at 558 (3ᵈ ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

As importantly, in matters involving residential mortgage foreclosures, procedural rules should be strictly followed. *See JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 15, 10 A.3d 718; *cf.* M.R. Civ. P. 55(a)(1) (no entry of default or default judgment absent full compliance with enumerated requirements). With regard to an application for a default judgment, Rule 55(b)(2) provides that:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . . "

M.R. Civ. P. 55(b)(2). In light of the nature of the rights at stake and the close scrutiny that trial courts are expected to give thereto, the court determines it is necessary and proper under Rule 55(b)(2) to adjudicate plaintiff's rights of ownership in and to said mortgage after hearing rather than to do so in response to request for default judgment.

3

*See id.; cf.* M.R. Civ. P. 55(b)(3) (No judgment by default on claim based on negotiable instrument or obligation unless original or copy of instrument or obligation filed with the clerk or court for cause shown otherwise directs).

### Order

Plaintiff Deutsche Bank National Trust Company's motion for default judgment against Aegis Mortgage Corporation is DENIED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

DATE:    August 1, 2016

Wayne R. Douglas
Justice, Maine Superior Court