STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-15-068

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

Plaintiff

v.

AMERICA'S WHOLESALE
LENDER,

Defendant

and

MICHAEL R. AVERY,

Party in Interest

STATE OF MAINE
Cumberland, ss. Clerk's Office

MAR 15 2017

RECEIVED

ORDER AFTER HEARING

Hearing was held on plaintiff's complaint for declaratory judgment and title on January 5, 2017. Plaintiff asks the court to confirm the transfer of the mortgage to plaintiff and affirm the assignment from Mortgage Electronic Registration Systems, Inc. (MERS). (Compl. ¶¶ 14-15.) The court incorporates its order on plaintiff's motion for default judgment and judgment on the pleadings filed March 1, 2017.

At the beginning of the hearing, plaintiff's counsel informed the court that since the filing of the complaint, plaintiff Federal National Mortgage Association had sold the note and mortgage U.S. Bank National Association as Trustee. At the close of the hearing, plaintiff's counsel agreed he would file a short memorandum and a motion to substitute plaintiff. Nothing has been filed.

1

Plaintiff offered the testimony of William Gonzalez, an employee of Fay Servicing, the servicer for this loan. Fay Servicing was acting on behalf of U.S. Bank National Association as Trustee under a limited power of attorney and was authorized to prosecute the action on behalf of U.S. Bank National Association as Trustee.

Mr. Gonzalez had "reviewed" the records in the system. According to the complaint, several entities have been involved with this mortgage. (Compl. ¶¶ 5, 7, 9-10.) Mr. Gonzalez testified, with no foundation established, that the records he reviewed were prepared in the ordinary course of business by a person with personal knowledge, that the records were made contemporaneously with the facts depicted, and that it was as a regular practice to keep such records. Plaintiff did not qualify the witness to testify about the records of the various entities involved in this transaction. M.R. Evid. 803(6); Beneficial Me. Inc. v. Carter, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96. In fact, only two documents were discussed and offered at trial.

The original note was presented to the court and a copy was admitted as an exhibit. (Pl.'s Ex. 1.) The note was executed by defendant and party in interest Avery. The note is endorsed in blank.

A copy of the mortgage executed by MERS, as nominee for defendant, and party in interest Avery was admitted as an exhibit. (Pl.'s Ex. 2.) The mortgage in this case contains the same language regarding MERS as the Law Court discussed in Greenleaf. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 13, 96 A.3d 700. No other documents were offered at the hearing. Mr. Gonzalez then testified that U.S. Bank National Association is the current holder and owner of the note as of the date of trial.

In Greenleaf, the Law Court concluded that the language in the mortgage granted MERS the right only to record the mortgage; MERS did not qualify as a mortgagee. Greenleaf, 2014

2

ME 89, ¶ 14, 96 A.3d 700.  The Law Court noted there was no other "evidence in the record purporting to demonstrate that MERS acquired any authority with respect to Greenleaf's mortgage by any means other than that defined in the mortgage itself." Id. ¶ 15.  There is no such other evidence in this case with regard to MERS.

Plaintiff has not proved it has the requisite interest in the mortgage to establish standing. On this record, there is no basis on which the court can confirm the transfer of the mortgage to the plaintiff.

The entry is

Plaintiff's Complaint is Dismissed without Prejudice.

Date:  March 13, 2017

Nancy Mills
Justice, Superior Court

3

   

:n Case Search   Open Financials   Print Docket   Reports/Forms

Filter attorneys for party:   - All Parties -

| | | Attorney | Party | Representation Type | Representation Date |
|---|---|---|---|---|---|
| | ☑ ✉ | **Weinstein, Paul** | ⌐ℐℐ Mortgage Electronic Re... | Retained | 04/11/2016 |
| | ☑ | | | | ⌐ |
| | ☑ ✉ | Doonan, John | ℘ℋᵧ Federal National Mortg... | Retained | 05/08/2015 |

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-15-068

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

Plaintiff

v.

AMERICA'S WHOLESALE
LENDER,

Defendant

and

MICHAEL R. AVERY,

Party-in-Interest

ORDER ON PLAINTIFF'S
MOTION FOR DEFAULT
JUDGMENT AND JUDGMENT
ON THE PLEADINGS

1 MAR '16 PM3:33

Before the court is plaintiff Federal National Mortgage Association's motion for default judgment and judgment on the pleadings in its declaratory judgment action against defendant America's Wholesale Lender. Michael Avery, the mortgagor, is a party-in-interest. For the following reasons, plaintiff's motion is denied.

FACTS

On December 20, 2005, Mr. Avery executed and delivered to defendant a promissory note in the amount of $153,000.00. (Supp. S.M.F. ¶ 2; Pl.'s Ex. C.) To secure the note, Mr. Avery executed a mortgage deed on property located at 18 Ocean St. in South Portland. (Supp. S.M.F. ¶ 3; Pl.'s Ex. B.) The mortgage was in favor of Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for defendant. (Id.) MERS purported to assign the mortgage to Bank of America on May 1, 2012, and Bank of

1

America purported to assign the mortgage to plaintiff on October 13, 2012. (Supp. S.M.F. ¶¶ 4-5; Pl.'s Exs. D, E.)

Plaintiff filed this declaratory judgment action on May 8, 2015. Plaintiff seeks a confirmatory nunc pro tunc order, an "effective reaffirmation" of the assignments, and a finding that plaintiff is the owner of both the note and the mortgage. (Compl. ¶ 15(a)-(b); Mot. Default J. and J. Pleadings 1-2.) Mr. Avery was served on May 11, 2015. Defendant was served on May 14, 2015. Neither party has answered the complaint. Plaintiff filed its motion for a default judgment and judgment on the pleadings on November 2, 2015. Neither defendant nor party-in-interest responded to plaintiff's motion.

DISCUSSION

Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2015). First, it is unclear whether there is a controversy "between the litigants." Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974).

Second, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963 (2015). A reaffirmation of these assignments would be a declaration of the rights of MERS and Bank of America to assign the mortgage at issue. MERS and Bank of America are not parties to this action. See id.; Bank of Am., N.A. v. Metro Mortg. Co., 2015 Me. Super. LEXIS 14, at *3 (Jan. 29, 2015) (denying plaintiff's request for default judgment in declaratory judgment action in part because plaintiff had failed to join necessary parties); Horton & McGehee, Maine Civil Remedies § 3-3(d)(2) at 50 (4th ed.

2

2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties.").

Further, a declaratory judgment as to whether plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership of the mortgage. If the court were to declare that plaintiff does not own the mortgage, MERS and Bank of America would remain free to litigate whether they instead own the mortgage. See 14 M.R.S. § 5958 (2015); Bourgeois v. Sprague, 358 A.2d 521, 522 (Me. 1976) (M.R. Civ. P. 19 applies to declaratory judgment actions); 2 Harvey, Maine Civil Practice § 19:1 at 558 (3d ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

Finally, especially in matters involving mortgage foreclosure, procedural rules must be followed. See JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶ 15, 10 A.3d 718. Rule 55(b)(2) authorizes the court to conduct a hearing if the court deems it necessary and proper "to establish the truth of any averment by evidence." M.R. Civ. P. 55(b)(2); (Pl.'s Compl. ¶¶ 11-13.)

CONCLUSION

Section 5963 of Maine's Declaratory Judgments Act prohibits the court from declaring the rights of persons who are not parties to the action. Section 5958 provides: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." The court cannot declare the rights of MERS and Bank of America, who are not parties. A declaration of plaintiff's rights may not remove any uncertainty regarding ownership of the mortgage. Finally, even if all necessary parties had been named in this suit, a hearing would be scheduled to establish the truth of plaintiff's averments.

3

The entry is

Plaintiff Federal National Mortgage Association's Motion for Default Judgment and Judgment on the Pleadings is DENIED.

Date: March 1, 2016

Nancy Mills
Justice, Superior Court

CUMB RE-15-068

4