STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss                                  CIVIL ACTION
                                                Docket No. RE-17-092

WELLS FARGO BANK, N.A.,
AS TRUSTEE FOR THE HOLDERS
OF SASCO 2007-MLN1 a/k/a
WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF
THE SASCO 2007-MLN1,

            Plaintiff

v.                                              ORDER ON PLAINTIFF'S
                                                MOTION FOR QUIET TITLE,
MORTGAGE LENDERS                                DECLARATORY DEFAULT
NETWORK USA, INC.,                              JUDGMENT, AND JUDGMENT
                                                ON THE PLEADINGS
            Defendant

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR MORTGAGE
LENDERS NETWORK USA, INC.,
HOLLLY J. GRAY, and STEVEN C.
GRAY,

            Parties-in-Interest


STATE OF MAINE
Cumberland ss. Clark's Office
FEB 28 2018  9:45AM
RECEIVED

Before the court is plaintiff Wells Fargo Bank, N.A., as Trustee for the Holders of SASCO

2007-MLN1 a/k/a Wells Fargo Bank, National Association, as Trustee for the Certificateholders

of the SASCO 2007-MLN1's motion for quiet title,[1] declaratory default judgment and judgment

on the pleadings in its declaratory judgment action against defendant Mortgage Lenders Network

---

[1] "Quiet title actions are vehicles to confirm legal title to real estate, not to adjudicate ownership interests in mortgages, which secure the right to payment under note instruments." United States Bank Trust v. Homeowners Assistance Corp., 2016 Me. Super. LEXIS 302, at •1 n.1 (Sept. 14, 2016) (citing 14 M.R.S. §§ 6651-6658).

1

USA, Inc. Holly J. Gray and Steven C. Gray, the mortgagors, and Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc. (MERS) are parties-in-interest. For the following reasons, plaintiff's motion is denied.

FACTS

On August 11, 2006, parties-in-interest Grays executed and delivered to defendant a promissory note in the amount of $228,000.00. (Compl. ¶ 8.) To secure the note, parties-in-interest Grays executed a mortgage deed securing property located at 10 Christie Way in Westbrook, Maine. (Compl. ¶ 10.) The mortgage was in favor of MERS as nominee for defendant. (Id.) The mortgage was assigned to plaintiff by MERS on September 20, 2007. (Compl. ¶ 15.) Plaintiff is the holder of the note. (Compl. ¶ 9.)

Plaintiff filed this declaratory judgment action on April 11, 2017. Plaintiff seeks a confirmatory nunc pro tunc order and an effective reaffirmation of the assignment of the mortgage from MERS, and a finding that plaintiff is the owner of both the note and the mortgage. (Compl. ¶¶ 19-20; 21(a)-(c).)

Parties-in-interest Grays were served on April 14, 2017 and responded to the complaint on May 5, 2017. Party-in-interest MERS was served on April 20, 2017. An affidavit dated April 21, 2017 of service on the registered agent for party-in-interest MERS was filed on June 23, 2017. Defendant was served on April 20, 2017. An affidavit dated May 3, 2017 of service on the registered agent of defendant, MERS, was filed on June 23, 2017. Neither defendant nor party-in-interest MERS has answered the complaint. Plaintiff filed its motion for quiet title, a declaratory default judgment, and judgment on the pleadings on October 10, 2017. Neither defendant nor the parties-in-interest have responded to plaintiff's motion.

2

DISCUSSION

Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2017). First, it is unclear whether there is a controversy "between the litigants." Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974).

Further, a declaratory judgment as to whether plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership of the mortgage. See 14 M.R.S. § 5958 (2017); Bourgeois v. Sprague, 358 A.2d 521, 522 (Me. 1976) (M.R. Civ. P. 19 applies to declaratory judgment actions); 2 Harvey, Maine Civil Practice § 19:1 at 558 (3d ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

Finally, especially in matters involving mortgage foreclosure, procedural rules must be followed. See JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶ 15, 10 A.3d 718. Rule 55(b)(2) authorizes the court to conduct a hearing if the court deems it necessary and proper "to establish the truth of any averment by evidence." M.R. Civ. P. 55(b)(2); (Pl.'s Compl. ¶¶ 15-20.)

CONCLUSION

Section 5958 provides: "[t]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." 14 M.R.S. § 5958. A declaration of plaintiff's rights may not remove any uncertainty regarding ownership of the mortgage. Further, a hearing is required to establish the truth of plaintiff's averments.

The entry is

> Plaintiff Wells Fargo Bank, N.A., as Trustee for the Holders of SASCO 2007-MLN1 a/k/a Wells Fargo Bank, National Association, as Trustee for the Certificateholders of the SASCO 2007-MLN1's

3

Motion for Quiet Title, Declaratory Default Judgment, and Judgment on the Pleadings is DENIED.

Date: February 27, 2018

Nancy Mills
Justice, Superior Court

4