STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-17-182

THE BANK OF NEW YORK
MELLON,

Plaintiff

v.

FEDERAL DEPOSIT
INSURANCE CORPORATION,
AS RECEIVER OF FIRST
NATIONAL BANK OF NEVADA,

ORDER ON PLAINTIFF'S
MOTION FOR DEFAULT
JUDGMENT

Defendant

and

MICHAEL A. PETRILLO,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

Parties-in-Interest

STATE OF MAINE
Cumberland ss Clerk's Office

FEB 23 2018 9:45AM

RECEIVED

Before the court is plaintiff Bank of New York Mellon's motion for default judgment in its declaratory judgment action against defendant Federal Deposit Insurance Corporation, as Receiver for First National Bank of Nevada (FNBN). Michael A. Petrillo, the mortgagor, and Mortgage Electronic Registration Systems, Inc. (MERS) are parties-in-interest. For the following reasons, plaintiff's motion is denied.

FACTS

On March 30, 2006, Mr. Petrillo executed and delivered to First National Bank for Arizona (FNBA) a promissory note in the amount of $396,000.00 to purchase property in Harrison, Maine. (Compl. ¶¶ 5-6.) On March 30, 2006, to secure the note, Mr. Petrillo granted a mortgage on property to MERS, as nominee for FNBA. (Compl. ¶ 7.) On June 30, 2008, FNBN acquired FNBA

1

by merger. (Compl. ¶ 8.) On July 25, 2008, the office of FNBN was closed by the Office of the Comptroller of the Currency. (Compl. ¶ 8.) On June 27, 2011, MERS purported to assign the mortgage to plaintiff. (Compl. ¶ 9.) Plaintiff is the current holder of the note. (Compl. ¶ 10.)

Plaintiff filed this declaratory judgment action on July 24, 2017. Plaintiff seeks a declaration that plaintiff is the owner and mortgagee of the mortgage. (Compl. 4-5.) Defendant was served on August 1, 2017. Party-in-interest Petrillo was served on July 29, 2017 and filed an answer on August 18, 2017. Party-in-interest MERS was served on July 31, 2017. Defendant and party-in-interest MERS have not responded to the complaint. Default was entered against each on September 14, 2017. Plaintiff filed its motion for a default judgment on October 2, 2017. No party has responded to plaintiff's motion.

DISCUSSION

Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2017). First, it is unclear whether there is a controversy "between the litigants." Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974).

Second, a declaratory judgment as to whether plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership of the mortgage. See 14 M.R.S. § 5958 (2017); Bourgeois v. Sprague, 358 A.2d 521, 522 (Me. 1976) (M.R. Civ. P. 19 applies to declaratory judgment actions); 2 Harvey, Maine Civil Practice § 19:1 at 558 (3d ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

Finally, especially in matters involving mortgage foreclosure, procedural rules must be followed. See JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶ 15, 10 A.3d 718. Rule 55(b)(2)

authorizes the court to conduct a hearing if the court deems it necessary and proper "to establish the truth of any averment by evidence." M.R. Civ. P. 55(b)(2); (Pl.'s Compl. ¶¶ 8-9, 11.)

CONCLUSION

Section 5958 of Maine's Declaratory Judgments Act provides: "[t]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." A declaration of plaintiff's rights may not remove any uncertainty regarding ownership of the mortgage. Further, a hearing is required to establish the truth of plaintiff's averments.

The entry is

Plaintiff Bank of New York Mellon's Motion for Default Judgment is DENIED.

Date: February 27, 2018

Nancy Mills
Justice, Superior Court

3