STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-16-309

WILMINGTON SAVINGS FUND
SOCIETY, FSB, d/b/a CHRISTIANA
TRUST, not individually but as
TRUSTEE FOR PREMIUM
MORTGAGE ACQUISITION TRUST,

        Plaintiff

REC'D CUMB CLERKS OF
MAR 19 '18 PM2:01

v.

DOLLAR MORTGAGE CORPORATION,
a CALIFORNIA CORPORATION,

        Defendant

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
as Nominee for DOLLAR MORTAGE
COPRORATION, a CALIFORNIA
CORPORATION,

MARY MARSHALL and RICHARD
MARSHALL, a/k/a RICHARD K.
MARSHALL,

CITIBANK FEDERAL SAVINGS BANK,

ST. MARY'S REGIONAL MEDICAL
CENTER,

and

ONEMAIN FINANCIAL, INC., f/k/a
CITIFINANCIAL, INC.,

        Parties-in-Interest

ORDER ON PLAINTIFF'S
MOTION FOR QUIET TITLE,
DECLARATORY DEFAULT
JUDGMENT, AND JUDGMENT
ON THE PLEADINGS

Before the court is plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust,

not individually but as Trustee for Premium Mortgage Acquisition Trust's motion for quiet title,

1

declaratory default judgment, and judgment on the pleadings. For the following reasons, plaintiff's motion is denied.

Background

Plaintiff brings this declaratory judgment action against defendant Dollar Mortgage Corporation, a California Corporation, and parties-in-interest Mortgage Electronic Registrations, Inc., Mary Marshall and Richard Marshall, Citibank Federal Savings Bank, St. Mary's Regional Credit Union, and OneMain Financial, Inc. All parties were served with the complaint. No party responded to the complaint.

Plaintiff's motion to remove Mortgage Electronic Registrations, Inc. and Citibank Federal Savings Bank as parties was denied. Notwithstanding, Mortgage Electronic Registrations, Inc., Citibank Federal Savings Bank, and OneMain Financial, Inc. were not served with plaintiff's motion for quiet title, declaratory default judgment, and judgment on the pleadings. (November 9, 2017 Certificate of Service.)

FACTS

On April 1, 2004, Mary Marshall and Richard Marshall executed and delivered to defendant a promissory note in the amount of $111,250.00. (Pl.'s Ex. B.) To secure the note, the Marshalls executed a mortgage deed on property located at 526 Plains Road, Harrison, Maine. (Pl.'s Ex. C.) The mortgage was in favor of defendant. (Id.) Mortgage Electronic Registrations, Inc. purported to assign the mortgage to CitiMortgage, Inc. on December 10, 2012. (Pl.'s Ex. D.) CitiMortgage, Inc. purported to assign the mortgage to Premium Mortgage Credit Partners I Loan Acquisition, LP on May 31, 2016. (Pl.'s Ex. E.) Premium Mortgage Credit Partners I Loan Acquisition, LP purported to assign the mortgage to plaintiff on July 20, 2016. (Pl.'s Ex. F.)

2

Plaintiff filed this declaratory judgment action on September 19, 2016. Plaintiff requests that the court order a confirmatory transfer of the mortgage to plaintiff and find specifically that plaintiff is the owner of the property because it owns both the note and the mortgage. (Compl. 5-6; Pl.'s Mot. for Quiet Title, Declaratory Default Judgment, and Judgment on the Pleadings 2-3.) Plaintiff filed its motion for a default judgment and judgment on the pleadings on November 13, 2017. Neither defendant nor any party-in-interest responded to plaintiff's motion, although, as noted, three parties-in-interest were not served with the motion.

DISCUSSION

Maine's Declaratory Judgments Act empowers the court to "declare rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957 (2015). First, it is unclear whether there is a controversy "between the litigants." Berry v. Daigle, 322 A.2d 320, 325 (Me. 1974).

Second, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963 (2015). CitiMortage, Inc. and Premium Mortgage Credit Partners I Loan Acquisition, LP are not parties to this action.[1] See id.; Bank of Am., N.A. v. Metro Mortg. Co., No. RE-14-355, 2015 Me. Super. LEXIS 14, at *3 (Jan. 29, 2015) (denying plaintiff's request for default judgment in declaratory judgment action in part because plaintiff had failed to join necessary parties); Horton & McGehee, Maine Civil Remedies § 3-3(d)(2) at 50 (4th ed. 2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties.").

---

[1] These entities may be associated with other named parties but that does not appear from the pleadings.

3

Third, a declaratory judgment as to whether plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership of the mortgage. See 14 M.R.S. § 5958 (2015); Bourgeois v. Sprague, 358 A.2d 521, 522 (Me. 1976) (M.R. Civ. P. 19 applies to declaratory judgment actions); 2 Harvey, Maine Civil Practice § 19:1 at 558 (3d ed. 2011) (M.R. Civ. P. 19 protects parties by ensuring issues will not be relitigated).

Fourth, especially in matters involving mortgage foreclosure, procedural rules must be followed. See JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶ 15, 10 A.3d 718. Rule 55(b)(2) authorizes the court to conduct a hearing if the court deems it necessary and proper "to establish the truth of any averment by evidence." M.R. Civ. P. 55(b)(2); (Pl.'s Compl. ¶¶ 11-13.)

Fifth, quiet title actions are used to confirm legal title to real estate. They are not used to adjudicate ownership interests in mortgages. See United States Bank Trust v. Homeowners Assistance Corp., No. RE-2016-05, 2016 Me. Super. LEXIS 302, at *1 n.1 (Sep. 14, 2016).

CONCLUSION

Section 5963 of Maine's Declaratory Judgments Act prohibits the court from declaring the rights of persons who are not parties to the action. 14 M.R.S. § 5963. Section 5958 provides: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Id. § 5958. The court cannot declare the rights of CitiMortgage, Inc. and Premium Mortgage Credit Partners I Loan Acquisition, LP, who are not parties. A declaration of plaintiff's rights may not remove any uncertainty regarding ownership of the mortgage. Even if all necessary parties had been named in this suit, a hearing would be scheduled to establish the truth of plaintiff's averments. Finally, a quiet title action is not an appropriate action to adjudicate an ownership interest in a mortgage.

4

The entry is

Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Premium Mortgage Acquisition Trust's motion for Quiet Title, Declaratory Default Judgment, and Judgment on the Pleadings is DENIED.

Date: March 19, 2018

Nancy Mills
Justice, Superior Court

CUM-RE-16-309